**William Edward STERLING, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–82–788CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 28, 1984.

Ken McLean, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

JUNELL, MURPHY and SEARS, JJ.

## OPINION

MURPHY, Justice.

This is an out-of-time appeal from a conviction for possession of a controlled substance pursuant to Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.04(a) (Vernon 1976). Trial was to the court which assessed punishment at twelve (12) years confinement in the Texas Department of Corrections.

Appellant's sole contention on appeal is that he was denied effective assistance of counsel. Specifically, appellant asserts that his plea of guilty was not freely, knowingly and voluntarily entered because trial counsel (1) failed to understand the basics of criminal jurisprudence which effectively ruled out the possibility of going to trial on the merits of the case and (2) failed to investigate the facts and the law governing the case. We disagree.

The facts show that appellant appeared before the trial court with his attorney, James Baker, on December 12, 1978, charged with delivery of a controlled substance with one prior felony conviction alleged for enhancement. Appellant and his attorney entered into a plea bargain agreement with the prosecutor. In exchange for a plea of nolo contendere, the prosecutor agreed to reduce the charge to possession of a controlled substance and dismiss the enhancement paragraph. The prosecutor made no agreed recommendation as to punishment. The plea bargain agreement was submitted to and approved by the trial court. After hearing testimony in support of appellant's application for probation, the court assessed punishment at twelve years imprisonment in the Texas Department of Corrections.

Mr. Baker continued to represent appellant on the original appeal to the Court of Criminal Appeals. Prior to the time appellant's appeal brief was due, Mr. Baker informed appellant that he would not pursue the appeal further unless his attorney's fees were paid. On December 16, 1979,

Mr. Baker filed a Motion to Withdraw as Attorney of Record with the trial court, but failed to secure a formal ruling on the motion. The required brief was never filed and the Court of Criminal Appeals affirmed appellant's conviction.

Appellant filed a post conviction writ of habeas corpus in the trial court contending that he was denied effective assistance of counsel in the trial on the merits and on appeal. The trial court conducted a hearing and issued findings of fact and conclusions of law. The court found:

(1) Mr. Baker discussed the allegation contained in the indictment with Assistant District Attorneys Richard Bax and Frank Harmon, appellant, Officer D.D. Shirley, co-defendant Jimmy Darrell Anderson, and Robert Baxter;

(2) Mr. Baker reviewed the State's file on the cause;

(3) Mr. Baker advised appellant to plead nolo contendere to a reduced charge and seek lenient punishment from the court in the absence of a viable defense;

(4) Mr. Baker advised appellant of his constitutional rights prior to entry of appellant's plea; and

(5) Mr. Baker was remiss in failing to secure a ruling from the trial court for the record on his Motion to Withdraw.

The trial court concluded that appellant failed to sustain his burden of proving ineffective assistance of counsel at the trial level but sustained his burden of establishing ineffective assistance of counsel on his original appeal. Accordingly, appellant was afforded this out-of-time appeal.

A convicted defendant's claim that counsel's assistance was so defective as to require reversal has two components. First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel's errors were so serious that counsel's representation was unreasonable. The proper measure of reasonableness is reasonableness under prevailing professional norms. Second,

the defendant must show that the deficient performance prejudiced the defense. Under this prong of the test, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, in the case at bar appellant had the burden to establish that counsel's deficient performance significantly influenced him in deciding to plead guilty. *Ex parte Young,* 644 S.W.2d 3, 5 (Tex.Crim.App.1983).

Appellant's first contention, that counsel's "want of intelligence, erudition, experience, and ability" significantly influenced appellant's decision to plead nolo contendere, fails to establish that appellant was prejudiced by counsel's alleged deficient performance. Appellant attempts to establish that Mr. Baker's representation was deficient by asking him questions designed to reveal his knowledge of basic principles of criminal law. Assuming that Mr. Baker's answers were deficient, based on prevailing professional norms, there is no evidence that the misinformation was communicated to appellant and relied upon by him in entering his plea. To the contrary, appellant expressly testified that he based his decision to plead nolo contendere solely upon Mr. Baker's promise that his sentence would be probated.

Appellant's claim that he was denied effective assistance of counsel due to counsel's failure to adequately investigate the case cannot be sustained. Mr. Baker testified that he interviewed both District Attorneys, the officer that purportedly accepted delivery of the methamphetamine, appellant, the co-defendant and an eyewitness. Additionally, the court found that Mr. Baker reviewed the state's file on the cause. Appellant attempted to impeach Mr. Baker's reputation for truth and veracity and called himself, the co-defendant and the eyewitness to the stand to contradict his assertions.

The jury, or trial judge in a trial before the court, is the sole judge of the credibility of the witnesses and may accept or reject any part or all of the testimony given by State or defense witnesses. Thus, appellant's contention that he was denied effective assistance of counsel cannot be sustained unless the court's findings are clearly erroneous. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Crim.App.1978). A review of the record reveals that the trial court's findings are supported by the evidence.

Appellant's ground of error is overruled.

The judgment of the trial court is affirmed.