Calvin Lee MOORE, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–91–00400–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 12, 1992.

Rehearing Denied April 23, 1992.

---

James S. Kelly, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellant entered a plea of not guilty before a jury to the offense of aggravated sexual assault of a child. TEX.PENAL CODE ANN. § 22.021(a)(1)(B). He was convicted and the jury assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.-42(d), at imprisonment for forty-five years. We reverse the judgment of conviction and remand for a new trial.

Appellant's point of error does not require us to recount the facts of this case.

In his sole point of error, appellant contends that the trial court erred in denying his motion for new trial. Specifically, appellant contends that it was reversible

error for the trial court to allow the State to introduce evidence of a murder he did not commit.

Appellant took the stand during the guilt-innocence phase of trial. On cross-examination, the State offered evidence of appellant's prior convictions to impeach his credibility. Aside from the disputed murder conviction, appellant had four prior felony convictions. Appellant denied remembering a number of his convictions and emphatically denied having been convicted of murder in cause no. 3533, in Waksom, Harrison County, Texas on June 15, 1987. Appellant acknowledged, however, that his picture appeared in State's Exhibit 3, the penitentiary packet that included the judgment of conviction in cause no. 3533. On rebuttal, the State called Harris County Sheriff's Deputy, Katherine Mills. Deputy Mills testified that she had been trained in the identification and comparison of fingerprints. She compared appellant's fingerprints taken in the instant case with the fingerprints contained in State's Exhibit 3 and concluded that the fingerprints in State's Exhibit 3 were that of appellant's. Appellant's father then took the stand and testified that his son had never been convicted of murder.

■ The decision on a motion for new trial rests within the sound discretion of the trial court. In the absence of a showing of an abuse of discretion, the decision of the trial court will not be reversed on appeal. *Tollett v. State,* 799 S.W.2d 256, 259 (Tex.Crim.App.1990); *Beal v. State,* 520 S.W.2d 907, 912 (Tex.Crim.App.1975). At a hearing on a motion for new trial, the trial court is the trier of fact and, as such, possesses broad discretion in assessing the credibility of witnesses and in determining from the evidence presented whether a different result would occur upon retrial. *Tollett,* 799 S.W.2d at 259; *Morris v. State,* 696 S.W.2d 616, 620 (Tex.App.—Houston [14th Dist.] 1985), *aff'd,* 739 S.W.2d 63 (Tex.Crim.App.1987).

At the hearing on the motion for new trial, appellant's father repeated his earlier testimony that his son had never been convicted of murder. Appellant also offered the affidavit of Harrison County Sheriff's Deputy, Frank Garrett, and an attached photograph of an individual identified as Calvin Moore. In his affidavit, Deputy Garrett stated that Calvin Moore was convicted in cause no. 3533, in the 71st District Court of Harrison County, Texas, of the murder of his father, Ralph Moore Sr. He also stated that Calvin Moore was born on May 27, 1956 in Waskom, Harrison County, Texas and had always resided there with his family. Appellant's father denied that the attached photograph identified by Deputy Garrett as that of convicted murderer, Calvin Moore, was that of his son. He also testified that his son was born on August 15, 1957, and had never been in Waskom, Texas. The State offered no evidence at the hearing on the motion for new trial. The State now apparently concedes the gist of appellant's contention that he was not the same Calvin Moore previously convicted of murdering his father in Harrison County.

■ Appellant is not, as the State contends, seeking a new trial on the ground of newly discovered evidence, since it is obvious that the validity of the murder conviction was a point of contention at trial. The State also asserts that, given appellant's four prior felony convictions, another conviction made little difference in the jury's assessment of appellant's credibility. We disagree. The threshold test of admissibility of any extraneous offense or transaction is that it be relevant to a material issue in the case and that the probative value of the evidence outweigh its inflammatory or prejudicial potential. *Alexander v. State,* 740 S.W.2d 749, 762 n. 6 (Tex.Crim.App.1987). "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX.R.CRIM.EVID. 401. The Texas Rules Of Evidence require a *final* conviction for impeachment purposes. TEX. R.CRIM.EVID. 609(a). The evidence reflects that appellant was not the individual convicted of murdering his father in Harrison County. As a result, evidence of the mur-

**778**

der conviction was obviously not relevant to any material issue in this case. Without doubt, evidence that one is guilty of homicide, one of the most heinous of crimes, must be considered highly prejudicial and inflammatory.

■ Finding that it was error for the trial court to admit the evidence, we must determine whether such error was harmless. TEX.R.APP.P. 81(b)(2). In applying the harmless error rule, our focus is not on the propriety of the outcome of the trial, but on the integrity of the process leading to the conviction. *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim.App.1989). Consequently, we must examine the source of the error, the nature of the error, whether or to what extent it was emphasized by the State and its collateral implications. In addition, we must consider how much weight a juror would probably place upon the error and whether declaring the error harmless would encourage the State to repeat it with impunity. *Id.* If the error is of a magnitude that it disrupted the jury's orderly evaluation of the evidence, no matter how overwhelming it might have been, then the conviction is tainted. 790 S.W.2d at 588.

■ The source of the error in the instant case is the admission of a judgment of conviction for a murder that appellant did not commit. The nature of the error is that jury was led to believe that appellant had previously committed murder when he in fact had not. The State's emphasis on the error was several fold. The State offered the judgment of conviction for murder after defense counsel had discussed with the district attorney's office before trial the possibility that the conviction was not appellant's and after appellant had categorically denied the conviction while on the witness stand. The State then offered the testimony of fingerprint expert, Deputy Mills, to rebut appellant's testimony. Finally, the prosecutor referred to the murder conviction during jury argument on both guilt-innocence and punishment. The collateral effect of all this was to make the murder conviction an issue at trial. The State significantly impugned appellant's

credibility, given his denial of the murder conviction in the face of documentary evidence to the contrary. As a result, it is likely that the jury placed substantial weight upon the error and ignored or disbelieved appellant's denial of the charged offense. Most importantly, to hold the error harmless would encourage the State to repeat it with impunity. Evidently, the State was aware both before and during trial that the judgment of conviction might be incorrect. Nevertheless, the murder conviction was an issue at trial. The State pursued this course of conduct despite having four other convictions by which to impeach appellant and which could be used for enhancement purposes.

We are unable to hold beyond a reasonable doubt that the mistaken evidence of appellant's prior conviction for murder did not contribute to his conviction or punishment. TEX.R.APP.P. 81(b)(2). We find that the trial court abused its discretion in overruling appellant's motion for new trial and sustain appellant's point of error. Accordingly, we reverse the judgment of the trial court and remand for a new trial.