**Ex parte Lex Dale OWENS, Appellant.**

**No. 3–92–491–CR.**

Court of Appeals of Texas,
Austin.

Aug. 25, 1993.

Discretionary Review Refused
Oct. 20, 1993.

Terrence W. Kirk, Law Office of Joseph A. Turner, Austin, for appellant.

Ronald Earle, Dist. Atty., William G. Reid, Asst. Dist. Atty., Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

JONES, Justice.

Appellant, Lex Dale Owens, appeals from a district-court order, rendered following a hearing on his post-conviction application for writ of habeas corpus, denying his request for a new trial based on claims of ineffective assistance of counsel. We will affirm the district court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 20, 1989, Austin police officers James Wolsch and Richard Gauldin were at the Robert Mueller Airport in Austin, screening luggage with a narcotics-detection dog. The dog "alerted" on a suitcase with a name tag reflecting "Lex Owens." Officer Gauldin initialed the claim check, and the bag was forwarded to the baggage-claim area. After appellant retrieved the suitcase in the baggage-claim area, both officers spoke with him and requested permission to search the suitcase. Appellant refused. Thereafter, Officer Wolsch informed appellant that he intended to obtain a search warrant for the suitcase. Appellant was instructed to accompany the officers to an office at the airport while a warrant was obtained.

After the search warrant was obtained, officers searched appellant's suitcase and discovered marihuana. Appellant was placed under arrest. Incident to appellant's arrest, the officers searched his carry-on bag and discovered tablets, later identified as "ecstasy," a form of methamphetamine. Appellant was later indicted for possession of this controlled substance.

In October 1990, a jury found appellant guilty of possession of a controlled substance; the district court sentenced him to six years' confinement, probated, and a $3000 fine. Appellant failed to timely perfect an appeal from this conviction. Subsequently, appellant filed in the district court his application for writ of habeas corpus, in which he argued that he was denied effective assistance of counsel at trial and requested a new trial. After issuing the writ and conducting a hearing, the district court denied appellant's requested relief for a new trial and, instead, granted appellant an out-of-time appeal. Feeling that an out-of-time appeal would not allow him to develop the record he needs to prove his ineffective-assistance-of counsel claim, appellant appeals from this order. We will affirm the order.

### DISCUSSION

In a single point of error, appellant complains that he should be granted a new trial because he received ineffective assistance of counsel at trial. Appellant asserts that his trial counsel made two related errors that constitute ineffective assistance. First, his counsel did not object when the prosecution elicited testimony regarding appellant's refusal to allow the police to search his bags for drugs. Second, his counsel did not object to the prosecutor's jury argument that asked the jury to consider appellant's refusal to consent to a search as evidence of knowledge

of possession of a controlled substance. Appellant contends that his trial counsel's ignorance of the law regarding the use of a defendant's refusal to consent as evidence of guilt led to these errors and constitutes ineffective assistance of counsel.

 Initially we note that appellant has the burden to prove that counsel's assistance was ineffective. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App.1985). An ineffective-assistance claim is evaluated under the well-established two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires appellant to demonstrate (1) that counsel's representation was deficient, in that counsel made such serious errors that counsel was not functioning effectively as the counsel constitutionally guaranteed to a criminal defendant; and (2) that the deficient performance prejudiced the defense such that appellant was deprived of a fair trial. *Id.* at 687, 104 S.Ct. at 2064; *see also Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopting *Strickland* test).

 The State contends that the appropriate standard for appellate review of the district court's determination of this ineffective-assistance claim is a "clearly erroneous" standard. We disagree. A district court's underlying *factual* findings are reviewed based on such a standard. *Sterling v. State*, 681 S.W.2d 680, 683 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). On the ultimate issue of whether the representation accorded appellant by counsel passes constitutional muster, however, we must make an independent determination, because the inquiry under both the deficiency and prejudice prongs of the *Strickland* test constitute mixed questions of fact and law. *Martin v. McCotter*, 796 F.2d 813, 817 (5th Cir.1986), *cert. denied*, 479 U.S. 1057, 107 S.Ct. 935, 93 L.Ed.2d 985 (1987); *Ricalday v. Procunier*, 736 F.2d 203, 206 (5th Cir.1984); *Vela v. Estelle*, 708 F.2d 954, 961 (5th Cir.1983), *cert. denied*, 464 U.S. 1053, 104 S.Ct. 736, 79 L.Ed.2d 195 (1984).

 Under the first prong, the defendant must show that counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms. *McFarland v. State*, 845 S.W.2d 824, 842 (Tex.Crim.App.1992). Under this standard, "a criminal defense lawyer must have a firm command of the facts of the case as well as governing law." *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex.Crim.App.1990). The *Strickland* standard, however, "has never been interpreted to mean that the accused is entitled to perfect or errorless counsel." *McFarland*, 845 S.W.2d at 843. Appellant bears a heavy burden to prove his ineffective-assistance claim. Counsel is strongly presumed to have provided adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. We must not look at the errors of counsel in a vacuum. As a general rule, isolated instances in the record reflecting errors of omission or commission do not necessarily render counsel's representation ineffective. *McFarland*, 845 S.W.2d at 843. Rather, counsel's performance is to be judged by the "totality of representation" provided. *Id.; Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066.

Judging counsel's performance in the present case based on this standard, it appears that although counsel failed to object to testimony and argument regarding appellant's refusal to consent, counsel performed adequately in all other aspects of representation. The record reflects that appellant's trial counsel attempted to suppress evidence of the methamphetamine and succeeded in suppressing testimony regarding statements made by appellant after he was in police custody; trial counsel repeatedly objected to other evidence presented by the State; and trial counsel presented rebuttal evidence to the State's claim that appellant had knowledge of possession of a controlled substance.

We will assume for purposes of this discussion that counsel's failure to object to testimony and jury argument regarding appellant's refusal to consent to a search in the present case constitutes a mistake.[1] Whether counsel's failure to object under these

---

1. The State conceded in its brief to this Court that it "does not contend that comment at trial on a person's exercise of constitutional rights is a recommended procedure for prosecutors."

circumstances constitutes a mistake does not, however, resolve the issue before us. Rather, we must decide whether this single error rises to the level of deficient performance, i.e., whether such conduct falls outside the range of professionally competent assistance in defending appellant.

■ Although counsel's performance must be judged on a "totality of representation" standard, we note that in some circumstances a single error may be sufficient to establish deficient performance under the first prong of the *Strickland* test. *See McFarland,* 845 S.W.2d at 844; *Ex parte Zepeda,* 819 S.W.2d 874 (Tex.Crim.App.1991). In both *McFarland* and *Zepeda,* however, counsel failed to assert their clients' rights on basic and fundamental issues that were well settled under Texas law. *See McFarland,* 845 S.W.2d at 844 (counsel's single error in failing to object to jury argument involving impermissible comment on appellant's post-arrest silence or his subsequent failure to testify was sufficient to meet first prong of *Strickland* test); *Zepeda,* 819 S.W.2d at 876–77 (where only testimony linking defendant with murder was testimony of accomplice witnesses, counsel's single error in failing to request instruction informing jury that additional corroborating evidence tending to link defendant to murder was necessary to convict rendered counsel's performance deficient under first prong of *Strickland* test).

■ The circumstances of the present case are distinguishable. That a defendant's refusal to consent to search may not be used as evidence of guilt, however logical it may seem in hindsight, is not a proposition that can be considered well established in state or federal law; nor is it so basic and fundamental a proposition as to compel the conclusion that any counsel who fails to perceive it is "not functioning effectively as the counsel constitutionally guaranteed to a criminal defendant." With regard to state law, appellant points us to only one Texas court of appeals case that stands for this proposition, *Powell v. State,* 660 S.W.2d 842, 845 (Tex. App.—El Paso 1983, no pet.) ("[t]he invocation of constitutional rights such as assistance of counsel, silence, or freedom from unreasonable searches may not be relied

upon as evidence of guilt"). While we tend to agree with the general rule stated in *Powell,* we do not believe that a rule of law articulated in one lower appellate-court case may definitively establish the standard for the knowledge that a Texas attorney operating under prevailing professional norms must possess. The only other cases to which appellant directs us are from other jurisdictions. *See Commonwealth v. Welch,* 401 Pa.Super. 393, 585 A.2d 517 (Pa.Super.Ct.1991); *Garcia v. State,* 103 N.M. 713, 712 P.2d 1375 (1986); *Gomez v. State,* 572 So.2d 952 (Fla.Dist.Ct.App.1990). Although these cases may provide persuasive authority that Texas should adopt a similar rule, such case law certainly does not establish that any Texas attorney who fails to assert this rule is operating below the prevailing professional norms.

Appellant directs us to no federal law indicating that a defendant's refusal to consent may not be used as evidence of guilt. Our research has revealed only two cases directly on point. *See United States v. Prescott,* 581 F.2d 1343, 1350–51 (9th Cir.1978); *Anable v. Ford,* 653 F.Supp. 22, 36 (W.D.Ark.1985). Neither *Anable* or *Prescott* has been cited in subsequent cases for the proposition at issue in this case. Again, we do not believe that a handful of cases from other jurisdictions establish the standard for knowledge that a Texas attorney operating under prevailing professional norms must possess.

We further note that even in the jurisdictions indicating that this general rule has been adopted, the circumstances in which such a rule should be applied are still developing. Although appellant contends that this general rule is simple, arguing that a defendant's refusal to consent may never be used as evidence of guilt, the case law does not necessarily support this broad assertion. For example, in *Anable,* the court stated that "a refusal to consent to a search cannot lead to an inference of guilt *unless the search is initially authorized by the Fourth Amendment.*" 653 F.Supp. at 36 (emphasis added). Further, in *Gomez* the court indicated that the defendant's refusal to consent could not lead to an inference of guilt *because there was no probable cause to search at the time*

*defendant refused consent.* 572 So.2d at 953.[2]

In addition to the case-law exceptions identified above, the State in the present case points out another exception that may be applicable to the general rule: the issue of custody. The State contends that the rule articulated in *Powell* was applied where the defendant refused consent *while in custody,* whereas appellant in this case was not in custody at the time consent was refused. Accordingly, the general rule articulated in *Powell* may not be as broad as appellant contends.

Based on our research of the general rule that a defendant's refusal to consent may not be used as evidence of guilt, we conclude that this rule of law and the circumstances in which it applies is still a developing area of the law. Because of the relative dearth of case law on this point, we cannot conclude that a Texas attorney operating under prevailing professional norms must have appreciated this general rule in order to have provided effective assistance. In other words, we conclude that this general rule, even if it ultimately proves to be a correct statement of the law, is not yet such a basic, fundamental, and well-established rule under Texas or federal law that a single error establishes ineffective assistance of counsel. Although it may have been more prudent for appellant's trial counsel to have asserted the right under these circumstances, we cannot say that failing to assert it in the two instances complained of here constitutes deficient performance under the first prong of the *Strickland* test.

Because we conclude that appellant did not meet his burden with respect to the first prong of the *Strickland* test, we need not address the second prong of the test, and we overrule appellant's single point of error.

2. We note that a positive "alert" by a dog properly trained to sniff for drugs can provide probable cause for arrest. *See Florida v. Royer,* 460 U.S. 491, 506, 103 S.Ct. 1319, 1329, 75 L.Ed.2d 229.(1983); *Walsh v. State,* 743 S.W.2d 687, 689 (Tex.App.—Houston [1st Dist.] 1987, no pet.). Thus, the possibility that the "exception" recognized by *Anable* and *Gomez* will be adopted in Texas provides additional grounds for our conclusion that the failure of appellant's trial counsel to object to evidence of refusal to consent does not amount to an "error" constituting defective representation.

## CONCLUSION

The order of the district court is affirmed.