TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00243-CR







Raymond Andrew Simmons, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT

NO. A-94-0039-S, HONORABLE DICK ALCALA, JUDGE PRESIDING





 Appellant Raymond Andrew Simmons appeals from a jury verdict finding him guilty of
possessing less than twenty-eight grams of methamphetamine, a controlled substance. Controlled
Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex. Gen. Laws 2230, 2936-37 (Tex.
Health & Safety Code Ann. § 481.115, since amended). The jury assessed appellant's punishment as a
repeat offender at seventy-five years of imprisonment and a $10,000 fine. Appellant complains that the
trial court erred by failing to suppress evidence acquired through a search warrant and that trial counsel
failed to render effective assistance of counsel. We will affirm the trial court's judgment.



BACKGROUND 


 Officers with the Rio Concho Drug Task Force entered and searched the mobile home of
appellant under the authority of a search warrant. Methamphetamine, a 9mm pistol, a sawed-off shotgun,
scales, a cassette tape case with burned edges, and corner bags were recovered from the residence. 
Deputy Gene Fly of the Tom Green County Sheriff's Office was the affiant for the search warrant. Deputy
Fly relied on information given by a confidential informant to secure the warrant. Appellant and his wife,
Martha Barney Simmons, were present during the execution of the search warrant. Before trial, appellant
moved to suppress evidence acquired through the search warrant, claiming the warrant was deficient. 
Appellant contends that the description within the warrant was inadequate because of the reference to the
house being located "on the second dirt road." Appellant offered testimony that the dwelling was actually
located on the seventh dirt road. The trial court overruled appellant's motion and proceeded to trial
whereupon appellant was found guilty and now appeals. Appellant asserts three points of error.


DISCUSSION


 Appellant contends in his second and third points of error that the trial court erred by failing
to grant his motion to suppress evidence. Appellant contends the warrant violates the Fourth Amendment
of the United States Constitution and article I, section 9 of the Texas Constitution.

 The search warrant reads as follows:


A mobile home residence described as having brown and beige colored siding and a silver
colored roof. The residence is located east of the city of San Angelo approximately 1.9
miles east of the intersection of Loop 306 and Farm to Market Road 380. The residence
is located approximately two tenths of a mile south of Farm to Market Road 380 on the
second dirt road on the south side of Farm to Market Road 380 east of Loop 306.



 The record indicates a dispute as to the number of dirt roads or driveways between the
turnoff and the entrance to appellant's residence. However, the distance of two-tenths of a mile was shown
to be correct. The Supreme Court has stated that a description in a warrant is sufficient if an officer with
the warrant "can, with reasonable effort, ascertain and identify that place intended." Steele v. United
States, 267 U.S. 498, 503 (1925). Detective Mickey Jones, who was not involved in the search of
appellant's home and had never been to the appellant's residence before, was directed to follow the
instructions contained in the search warrant to determine whether he could find the premises from the
warrant's specifications alone. Detective Jones testified at the suppression hearing that he had no trouble
locating the dwelling from the search warrant's description.

 We hold the description contained within the search warrant was sufficient. The officers
executing the warrant were able to locate the correct house. Further, the description was adequate to
provide instruction to an officer unfamiliar with the house so as to locate it without incident. There is no
constitutional violation present. We overrule appellant's second and third points of error.

 Appellant's first point of error asserts he was denied effective assistance counsel at the trial. 
To prove ineffective assistance of counsel, two elements must be met. First, counsel must be shown to
have performed in a deficient manner, in that counsel made errors so egregious that the counsel was not
functioning as counsel that is guaranteed by the Sixth Amendment of the United States Constitution. 
Strickland v. Washington, 446 U.S. 668, 687 (1984). This means that the defendant must prove the
"counsel's representation fell below an objective standard of reasonableness based on prevailing
professional norms." Ex Parte Owens, 860 S.W.2d 727, 729 (Tex. App.--Austin 1993, pet. ref'd), cert.
denied, 114 S. Ct. 2162 (1994). Second, appellant must show that there is a reasonable probability that
these errors altered the result of the trial, such that appellant was denied a fair trial. Strickland, 446 U.S.
at 687; Shaw v. State, 874 S.W.2d 115, 119 (Tex. App.--Austin 1994, pet. ref'd) ("[T]he defendant
must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of
the proceeding would have been different.").

 A reasonable probability is one that is sufficient to undermine confidence in the outcome. 
Shaw, 874 S.W.2d at 119. Appellant holds the burden of proof by a preponderance of the evidence to
prove that counsel was ineffective. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). The
Strickland standard does not mean that defendants are entitled to perfect or errorless performance from
counsel. Ex Parte Owens, 860 S.W.2d at 729; McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim.
App. 1992), cert. denied, 113 S. Ct. 2937 (1993).

 Appellant complains of two basic errors of trial counsel. First, he argues that his counsel
should have made an additional attack on the search warrant on the grounds that it was based on a false
affidavit. Second, he argues that counsel should have requested a jury issue on the legality of the search
itself.

 The search warrant was based on an affidavit from Deputy Fly. Deputy Fly's information
came from a confidential informant who reported to Fly that Martha Simmons told the informant that she
and appellant were in possession of a quantity of methamphetamines at appellant's mobile home. During
the trial, Martha Simmons denied ever making such a statement. Appellant cites Ramsey v. State, 579
S.W.2d 920 (Tex. Crim. App. 1979), for the proposition that a question on the truth of the informant's
statement should have gone to the jury.

 In Ramsey, Walker was the affiant for a search warrant, stating that a trustworthy source
had provided him with information. This source was later revealed to be Vaden. The defense sought to
call Vaden to testify that he did not provide Walker with the claimed information. The court held that an
evidentiary hearing should have been allowed on the appellant's allegations that the affiant was lying.

 The Supreme Court has held:


[W]here the defendant makes a substantial preliminary showing that a false statement
knowingly and intentionally, or with reckless disregard for the truth, was included by the
affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding
of probable cause, the Fourth Amendment requires that a hearing be held at the
defendant's request. In the event that at that hearing the allegation of perjury or reckless
disregard is established by the defendant by a preponderance of the evidence, and, with
the affidavit's false material set to one side, the affidavit's remaining content is insufficient
to establish probable cause, the search warrant must be voided and the fruits of the search
excluded to the same extent as if probable cause was lacking on the face of the affidavit.



Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Relying on Franks, Ramsey holds that an allegation
that an affiant lied in the search warrant can be litigated; however, Ramsey does not hold that an allegation
that an informant lied to the affiant can be litigated. 579 S.W.2d at 922-23. As this court noted recently,
"[t]he deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the
affiant, not of any nongovernmental informant." Hackleman v. State, 919 S.W.2d 440, 448 (Tex.
App.--Austin 1996, pet. ref'd untimely filed) (citing Franks, 438 U.S. at 171) (emphasis added).

 In the instant cause, appellant does not contend that Deputy Fly lied in his affidavit. Rather,
any indication of falsity is directed toward the confidential informant. Trial counsel could not have raised
this issue because his attack would have been on the veracity of the informant, not the affiant. Therefore,
counsel's representation was not ineffective in this regard.

 Appellant's second ineffective assistance of counsel argument is that trial counsel failed to
request a jury issue as to the legality of the search. A jury can settle factual disputes when a search has
been challenged, Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 1997); however, it may do so only
when "an issue of fact is created by the evidence concerning the validity of the search . . . ." Finney v.
State, 672 S.W.2d 559, 569 (Tex. App.--Austin 1984, no pet.). No such fact question exists in this case. 
Deputy Fly is not accused of making false statements and Martha Simmons's testimony cannot serve as
the basis for an attack on the affidavit supporting the search warrant. Therefore, there is no factual dispute
that defense counsel could have submitted to the jury. Trial counsel's performance was not deficient for
failing to pursue a jury issue.

 Appellant bears the burden to prove by a preponderance of the evidence ineffective
assistance of counsel. Appellant has failed to meet that burden because he has not met the first prong of
the Strickland standard by showing trial counsel's performance to be deficient. Thus, we overrule
appellant's first point of error.


CONCLUSION


 The search warrant's description meets the Steele standard. Further, trial counsel was not
shown by appellant to be deficient in his duties. Accordingly, we overrule the appellant's points of error
and affirm the judgment of the trial court.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: July 3, 1997

Do Not Publish



sey, Walker was the affiant for a search warrant, stating that a trustworthy source
had provided him with information. This source was later revealed to be Vaden. The defense sought to
call Vaden to testify that he did not provide Walker with the claimed information. The court held that an
evidentiary hearing should have been allowed on the appellant's allegations that the affiant was lying.

 The Supreme Court has held:


[W]here the defendant makes a substantial preliminary showing that a false statement
knowingly and intentionally, or with reckless disregard for the truth, was included by the
affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding
of probable cause, the Fourth Amendment requires that a hearing be held at the
defendant's request. In the event that at that hearing the allegation of perjury or reckless
disregard is established by the defendant by a preponderance of the evidence, and, with
the affidavit's false material set to one side, the affidavit's remaining content is insufficient
to establish probable cause, the search warrant must be voided and the fruits of the search
excluded to the same extent as if probable cause was lacking on the face of the af