TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00690-CR







Diana Louise Hawkins, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-95-0254-S, HONORABLE BARBARA WALTHER, JUDGE PRESIDING







 Appellant Diana Louise Hawkins was convicted by a jury of the offense of aggravated
sexual assault of a child. See Tex. Penal Code Ann. § 22.021 (West 1994 & Supp. 1997). The jury
assessed appellant's punishment at imprisonment for twenty years and a fine of $5,000. Appellant asserts
the trial court erred in refusing to admit evidence that the victim had a sexually transmitted disease and that
she was denied the effective assistance of counsel during her trial. We will overrule appellant's points of
error and affirm the trial court's judgment.

 The record shows appellant, a thirty-seven-year-old woman, got in bed with the thirteen-year-old male victim. She stimulated him sexually and caused him to penetrate her sexual organ with his
sexual organ. The offense was committed in the victim's bedroom in the house where he lived. Appellant's
defense was that nothing occurred between her and the victim--that she committed no offense. Appellant
testified and offered the testimony of several witnesses that the victim disliked her and that his reputation
for truth and veracity was bad.

 In her second point of error, appellant insists the trial court erred in refusing to admit
evidence that the victim had genital herpes, a sexually transmitted disease. Appellant argues she did not
have herpes, which she would have contracted if she had had sexual contact with the victim. Therefore,
appellant urges that evidence of the victim's herpes was admissible to prove her contention that she had
no sexual contact with the victim and that she did not commit the alleged offense. The trial court ruled the
evidence was inadmissible until appellant could show it was admissible under the provisions of the rape
shield law. See Tex. R. Crim. Evid. 412. On appeal, appellant does not mention Rule 412 and does not
contend she met the requirements of that rule. Appellant argues the evidence was admissible to prove the
truth of her denial "that any of the indicted events occurred."

 Evidence that a defendant did not contract a sexually transmitted disease from an alleged
victim who had the disease has been held inadmissible. Smith v. State, 737 S.W.2d 910, 915 (Tex.
App.--Fort Worth 1987, pet. ref'd). In Smith, the defendant offered additional expert testimony that in
a single sexual contact there was a 20% likelihood that he would have contracted gonorrhea from the victim
who had the disease. Id. In this case, no evidence was offered concerning appellant's likelihood of
contracting herpes from the victim if she had sexual contact with him. In another case, when a defendant
did not have trichomonas, a sexually transmitted disease, evidence that his alleged victim suffered from
trichomonas was held to have insufficient probative value to be admissible. Johnson v. State, 651 S.W.2d
434, 436-37 (Tex. App.--Dallas 1983, no pet.). Moreover, evidence of the victim's infection with a
sexually transmitted disease has been excluded as either irrelevant, or as relevant but overly prejudicial or
inflammatory when compared with its low probative value. Davis v. United States, 865 F.2d 164, 167
(8th Cir. 1988). We conclude that the trial court did not err in finding appellant failed to show the evidence
was admissible under the provisions of Rule 412 and in implicitly finding the evidence had too little
probative value to be admissible. Appellant's second point of error is overruled.

 In her first point of error, appellant urges that trial counsel rendered ineffective assistance
during her trial. To show ineffective assistance of counsel, appellant must show that: (1) trial counsel's
performance was deficient, in that counsel made such serious errors that he was not functioning effectively
as counsel; and (2) the deficient performance prejudiced the defense to such a degree that appellant was
deprived of a fair trial. Strickland v. Washington, 466 U. S. 668 (1984); Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986); O'Hara v. State, 837 S.W.2d 139 (Tex. App.--Austin 1992,
pet. ref'd). Counsel's performance is to be judged by the "totality of representation" provided. 
Strickland, 466 U.S. at 690; Butler v. State, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986). In deciding
an ineffective-assistance claim, this Court must judge the reasonableness of counsel's challenged conduct
on the facts of the particular case, viewed at the time of counsel's conduct--not by hindsight. We must
then determine, in light of all the circumstances, whether the acts or omissions are outside the wide range
of professionally competent assistance. Strickland, 466 U.S. at 690. Appellant bears a heavy burden to
prove her ineffective-assistance claim. Counsel is strongly presumed to have provided adequate assistance
and to have made all significant decisions in the exercise of reasonable professional judgment. Id. We must
not look at the errors of counsel in a vacuum. As a general rule, isolated instances in the record reflecting
errors of omission or commission do not necessarily render counsel's representation ineffective. 
McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992); Ex parte Owens, 860 S.W.2d 727,
729 (Tex. App.--Austin 1993, pet. ref'd). In determining whether appellant had ineffective assistance of
counsel, an appellate court must make an independent judgment based on mixed questions of law and fact. 
Id.

 Appellant alleges her trial counsel failed in three respects to provide her effective assistance. 
First, it is argued trial counsel failed to offer evidence that the victim had herpes and that appellant did not
have herpes after the alleged offense. Trial counsel attempted to offer the evidence that appellant says he
should have offered. We have ruled the trial court properly excluded this evidence. Appellant's complaint
about her trial counsel in this respect is without merit.

 Second, trial counsel is faulted for failing to object to the court's charge at the guilt phase
of the trial because the charge did not include "a charge of impeachment of alleged victim." Appellant
offered the testimony of four witnesses to impeach the victim's testimony denying he had told these
witnesses that he hated appellant and he was going to get her. In charging the jury, the trial court may not
express any opinion as to the weight of the evidence, sum up the testimony, or discuss the facts. Tex. Code
Crim. Proc. Ann. art. 36.14 (West Supp. 1997). Appellant has not suggested the form of an instruction
to which she believes she was entitled and which she believes trial counsel should have requested. Neither
has appellant cited any cases supporting her argument. We are unaware of any "charge of impeachment
of the alleged victim" the court could have given that would not have been an expression of the court's
opinion as to the weight of the evidence. See id. Trial counsel's representation of appellant was not
deficient in failing to object to the charge on the grounds now urged by appellant.

 Third, appellant faults trial counsel for his failure "to object or request an instruction to the
court's charge on punishment wherein it did not charge on intoxication going in mitigation of punishment." 
When temporary insanity caused by intoxication is relied upon as a defense and the evidence tends to show
that such insanity was caused by intoxication, the court shall charge the jury that it may consider temporary
insanity in mitigation of punishment. Tex. Penal Code Ann. § 8.04 (West 1994). Although there was some
evidence appellant was intoxicated on the night in question, appellant testified she was not "too drunk to
drive." Appellant also testified she did not drink any whiskey, but she drank beer, "two glasses, the fifty-cent draws." Evidence in the record does not raise an issue that appellant relied upon temporary insanity
resulting from intoxication as a defense or in mitigation of punishment. Based on the record, appellant was
not entitled to the charge. See Banda v. State, 890 S.W.2d 42, 64 (Tex. Crim. App. 1994). Trial counsel
cannot be faulted for not requesting such a charge.

 We have considered appellant's claims and we have examined the record in light of the
applicable law and conclude that trial counsel's representation of appellant was well within the standard
required by Strickland. Appellant's first point of error is overruled.




 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Powers, Kidd and Dally*

Affirmed

Filed: July 3, 1997

Do Not Publish





















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



ns of law and fact. 
Id.

 Appellant alleges her trial counsel failed in three respects to provide her effective assistance. 
First, it is argued trial counsel failed to offer evidence that the victim had herpes and that appellant did not
have herpes after the alleged offense. Trial counsel attempted to offer the evidence that appellant says he
should have offered. We have ruled the trial court properly excluded this evidence. Appellant's complaint
about her trial counsel in this respect is without merit.

 Second, trial counsel is faulted for failing to object to the court's charge at the guilt phase
of the trial because the charge did not include "a charge of impeachment of alleged victim." Appellant
offered the testimony of four witnesses to impeach the victim's testimony denying he had told these
witnesses that he hated appellant and he was going to get her. In charging the jury, the trial court may not
express any opinion as to the weight of the evidence, sum up the testimony, or discuss the facts. Tex. Code
Crim. Proc. Ann. art. 36.14 (West Supp. 1997). Appellant has not suggested the form of an instruction
to which she believes she was entitled and which she believes trial counsel should have requested. Neither
has appellant cited any cases supporting her argument. We are unaware of any "charge of impeachment
of the alleged victim" the court could have given that would not have been an expression of the court's
opinion as to the weight of the evidence. See id. Trial counsel's representation of appellant was not
deficient in failing to object to the charge on the grounds now urged by appellant.

 Third, appellant faults trial counsel for his failure "to object or request an instruction to the
court's charge on punishment wherein it did not charge on intoxication going in mitigation of punishment." 
When temporary insanity caused by intoxication is relied upon as a defense and the evidence tends to show
that such ins