TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00067-CR







Anthony Wayne Roberson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0942556, HONORABLE JON N. WISSER, JUDGE PRESIDING










 Appellant Anthony Wayne Roberson appeals from his conviction for the offense of
aggravated sexual assault. See Tex. Penal Code Ann. § 22.02 (West 1994). The court assessed
appellant's punishment at imprisonment for life. Appellant asserts that the trial court erred in refusing to
grant his motion to suppress evidence, that the evidence is not sufficient to prove the sexual assault was
aggravated, and that he did not have effective assistance of trial counsel. We will overrule appellant's
points of error and affirm the judgment of the trial court.

 In his first point of error, appellant complains that officers made untrue statements in
affidavits presented to a magistrate for issuance of search warrants to obtain appellant's footprint and
specimens of his blood, saliva, and semen. Appellant argues that if these alleged untrue statements were
not considered, the affidavits would not show probable cause for the issuance of the search warrants. See
Franks v. Delaware, 438 U.S. 154 (1978). The statement of facts of the pretrial suppression hearing was
not timely filed. However, before the case was submitted for oral argument, this Court granted appellate
counsel's motion to supplement the record with the pretrial suppression hearing statement of facts. The
scope of the hearing included five additional cases. The suppression hearing statement of facts shows that
three documents stated to be warrants were exhibited to the trial court, marked, and admitted in evidence. 
These documents were not included and are not part of the record before us. Moreover, the record does
not show that the affidavits used to obtain the warrants were introduced for the record. The burden is on
appellant to see that a sufficient record is presented to show error requiring reversal. Tex. R. App. P.
50(d). Because the record includes neither the warrants, nor more importantly the affidavits, we cannot
determine whether the magistrate had probable cause to issue the warrants. See Canady v. State, 582
S.W.2d 467, 468-69 (Tex. Crim. App. 1979); Miller v. State, 736 S.W.2d 643, 647-48 (Tex. Crim.
App. 1987); Gant v. State, 649 S.W.2d 30, 32-33 (Tex. Crim. App. 1983); Nevarez v. State, 847
S.W.2d 637-647 (Tex. App.--El Paso 1993, pet. ref'd). Appellant's first point of error is overruled.

 In his eighth point of error, appellant urges the State did not prove beyond a reasonable
doubt that he committed aggravated sexual assault. In accord with the allegations of the indictment, the
trial court charged the jury that for it to find appellant guilty of aggravated sexual assault, it must find
appellant compelled the victim to submit to sexual assault "by the use of physical force or violence, and the
said Anthony Wayne Roberson did then and there intentionally, or knowingly by acts or words place [the
victim] in fear that serious bodily injury would imminently be inflicted on [the victim]." We summarize the
evidence offered to support the jury finding of the aggravation element of the offense. At about 11:00 p.m.,
the victim was awakened and saw the silhouette of a man at the foot of her bed. When she switched on
the light, appellant grabbed her, put his hand over her nose and mouth, and pinned her to his body. It was
difficult for her to breath as she struggled against appellant. Appellant ordered his victim to stop weeping
and pleading. He shook her and walked her through the house still pinning her to his body. Appellant
removed the victim's undergarments which he used to cover her face. In what the victim testified was a low
but angry voice, appellant told her repeatedly to "shut up" and to "stop it." Appellant told his victim that
if she did not scream he would not hurt her. The victim inferred from this statement appellant was
threatening her and intended to hurt her. The victim testified she did not know whether appellant had a
weapon or whether he had found the pistol or knives which she kept in her house. While she was
blindfolded and struggling, appellant forceably spread her legs and knocked her hands away. The victim
testified that appellant compelled her to submit to rape by the use of physical force and violence. She also
testified that appellant by his acts and words placed her in fear of serious, imminent bodily injury. We
conclude the evidence is sufficient to support the jury's verdict. From this evidence, the jury could find
beyond a reasonable doubt appellant committed aggravated sexual assault. Appellant's eighth point of
error is overruled.

 In seven points of error, appellant insists that he was denied his constitutional right to the
effective assistance of counsel. To show ineffective assistance of counsel, appellant must show that: (1)
trial counsel's performance was deficient, in that counsel made such serious errors that he was not
functioning effectively as counsel; and (2) the deficient performance prejudiced the defense to such a degree
that appellant was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez
v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); O'Hara v. State 837 S.W.2d 139 (Tex.
App.--Austin 1992, pet. ref'd). Counsel's performance is to be judged by the "totality of representation"
provided. Strickland, 466 U.S. at 690; Butler v. State, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986). 
In deciding an ineffective-assistance claim, this Court must judge the reasonableness of counsel's challenged
conduct on the facts of the particular case, viewed at the time of counsel's conduct--not by hindsight. We
must then determine, in light of all the circumstances, whether the acts or omissions are outside the wide
range of professionally competent assistance. Strickland, 466 U.S. at 690. Appellant bears a heavy
burden to prove his ineffective-assistance claim. Counsel is strongly presumed to have provided adequate
assistance and to have made all significant decisions in the exercise of reasonable professional judgment. 
Id. We must not look at the error of counsel in a vacuum. As a general rule, isolated instances in the
record reflecting errors of omission or commission do not necessarily render counsel's representation
ineffective. McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992); Ex parte Owens, 860
S.W.2d 727, 729 (Tex. App.--Austin 1993, pet. ref'd). In determining whether appellant had ineffective
assistance of counsel, an appellate court must make an independent judgment based on mixed questions
of law and fact. Id. 

 In the trial of this case, the State offered extensive DNA evidence and expert testimony to
prove appellant was the person who committed this offense. Although the victim did not identify appellant,
she was an articulate professional woman whose testimony the jury evidently found convincing. Prior to
trial, the State filed and served on defense counsel notice that it intended to offer in evidence, if it became
admissible, appellant's extraneous "offenses and/or bad acts" to prove its case-in-chief and to impeach the
appellant. Also, the State gave notice it would offer the same evidence at the punishment phase of trial. 
See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1997). In this notice, the State
enumerated nineteen separate alleged offenses giving the date and the name of the victim in each case. 
These alleged offenses included nine aggravated sexual assaults, several burglaries of habitations, and
attempted sexual assaults. These alleged offenses occurred over a period of about two and one-half years,
all but one committed in Travis County. In addition to the instant case, there were five more indictments
pending against appellant.

 Appellant faults his attorneys, complaining that they did not give him effective assistance
in his defense because counsel: (1) refused to allow him to testify at either the guilt phase or the punishment
phase of trial; (2) did not call his alibi witnesses at the guilt phase of the trial and did not call his character
witnesses at the punishment phase of the trial; (3) in jury argument, improperly without his consent, argued
that appellant was guilty of sexual assault; (4) did not advise appellant that if he waived a jury at the
punishment phase of the trial, he could not receive probation; (5) had arranged for appellant's pretrial
psychological evaluation and that evidence was used against him.

 Appellant was represented at trial by three attorneys. Lead counsel was employed. In
addition, appellant's family employed another attorney and the trial court appointed an attorney; both of
these attorneys had had recent experience in defending cases in which extensive DNA evidence was
offered against their clients. Appellant attempted to support his ineffective counsel contentions by his
testimony at the hearing of his motion for new trial. We summarize appellant's testimony. Counsel did not
discuss defense strategy and did not discuss with appellant the admissibility of extraneous offenses. 
Contrary to appellant's understanding with counsel, he was not allowed at the guilt phase of trial to testify
to an alibi defense and to offer witnesses' testimony supporting his alibi. Appellant was not allowed to
testify or offer the testimony of his character witnesses at the punishment phase of the trial. Appellant was
not told his counsel would argue to the jury that appellant was guilty of sexual assault. Counsel told
appellant he could waive a jury at the punishment phase of trial and that the trial court could grant him
probation.

 At the hearing, the State offered the testimony of appellant's lead attorney and his court
appointed attorney. Lead counsel had defended clients accused of criminal offenses for twenty-seven years
and court appointed counsel for more than ten years. Over a period of two years before trial, lead counsel
had conferred with appellant in person seven to ten times and at other times by telephone. Counsel, prior
to trial, filed several motions in appellant's behalf. The trial court granted a motion for discovery relating
to eleven separate classes of evidence including DNA evidence. Counsel filed motions to suppress
evidence and a trial brief in support of the motions. The trial court granted a hearing and heard evidence
offered on the motions. Although they were not granted, counsel, with arguable grounds, filed and argued
motions for the trial court to recuse himself and for the trial court to quash the jury panel. A motion in limine
was also filed and granted.

 Both attorneys consulted with DNA experts here and traveled out of the city to consult with
DNA experts concerning evidence to rebut the DNA evidence which the State would offer against
appellant. After conferring with these experts, counsel were of the opinion that the expert's testimony
would be detrimental rather than helpful to appellant's defense, because the testimony of these experts
would not rebut the State's expected DNA evidence.

 Both attorneys testified that they discussed trial strategy with appellant. Counsel told
appellant of their great concern that if his identity became a contested issue raised by an alibi defense or
by an attempt to rebut the State's DNA evidence, the extraneous offense evidence would become
admissible. Counsel obtained appellant's work records and compared them with the dates of the alleged
offenses. Counsel found that appellant's work records did not show he was at work when this and other
alleged offenses were committed. Counsel, referring to the alibi defense, testified that after comparing the
work records and the indictments, he "pretty much realized that that's not one of the courses of defense
that we wanted to pursue." Lead counsel testified he had discussed with appellant why he could not testify
to an alibi defense. 

 Concerning counsel's argument to the jury that the evidence may have shown appellant
guilty of sexual assault, counsel testified that based on their assessment of the State's evidence they believed
the jury would convict appellant. However, counsel also believed that the jurors might be persuaded that,
to follow their oaths, they should find the State had failed to prove the aggravation element of aggravated
sexual assault. This argument, counsel testified, was discussed with appellant and there was agreement to
pursue this course.

 Lead counsel could not recall whether he had told appellant that if he were convicted and
the trial court assessed punishment appellant could not receive probation. Although he could not recall the
specific conversation, appointed counsel testified that they had "covered it. I think the question [about
probation] was asked and answered." Counsel did not believe the jury, if it found appellant guilty, would
grant probation. Both attorneys had a strong belief, which they conveyed to appellant, that the trial court
rather than the jury should be allowed to assess punishment.

 Counsel was justifiably concerned that the many alleged extraneous offenses would be
admitted in evidence if appellant contested his identity by an alibi defense and by an attempt to rebut the
State's DNA evidence. Counsels' judgment was re-enforced by appellant's work record which did not
support his defense and their belief that the State could use the work records to rebut the alibi defense. 
In light of the evidence, counsel's decision to argue that the evidence may have shown he committed sexual
assault but was insufficient to show he had committed aggravated sexual assault was, at the time made, as
sound a plan as the circumstances would permit. There is evidence to rebut appellant's contention that he
was not informed that if the court assessed punishment he could not be granted probation. Although the
evidence at the motion for new trial hearing was scant concerning appellant's contention that he should have
been allowed to testify and to offer character witnesses at the punishment phase of trial, counsels' advice
and decision not to offer this evidence seems justified. In spite of having available much more evidence,
the State offered only the testimony of three witnesses that appellant's reputation for violence was bad. 
Even though the court and not the jury assessed punishment, if the defense had offered character witnesses,
the State could have tested the witnesses' knowledge by asking at least eighteen "have-you-heard"
questions relating to the extraneous offenses. If the defense had offered the character testimony and the
"have-you-heard" questions had been asked, appellant may have had a more serious complaint.

 In addition, appellant argues counsels' ineffectiveness is demonstrated by counsel 

requesting a psychological evaluation [of appellant] with no valid purpose. Appellant says this "opened the
door" for the State to argue prejudicial matters before the court assessing punishment. There is little
evidence in the record to support this claim. There is a passing reference to the psychological evaluation
report that was a part of the presentence report. However, the presentence report prepared for the trial
court was not admitted in evidence and is not in the appellate record. In any event, counsel should not be
criticized for obtaining a psychological evaluation of appellant, when counsel was faced with the difficult
defense of appellant, a reputed serial sex offender.

 There was a glaring conflict of evidence on the hearing of the motion for new trial. The trial
judge is the trier of fact on the motion for new trial. See Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim.
App. 1995); Blackmer v. State, 926 S.W.2d 399, 402-3 (Tex. App.--Waco 1996, pet. ref'd). Unless
it is shown the trial court abused its discretion, the court's decision to overrule the motion for new trial will
not be reversed on appeal. Moore v. State, 826 S.W.2d 775, 777 (Tex. App.--Houston [14th Dist.]
1992, pet. ref'd). We conclude the trial court did not abuse its discretion in overruling the motion for new
trial. In our independent judgment based on mixed questions of law and fact, we hold appellant's
contention that he did not have effective assistance of counsel is without merit. See Ex parte Owens, 860
S.W.2d at 729. We have considered appellant's claims and argument and we have examined the record
in light of the applicable law and conclude that trial counsel's representation of appellant was well within
the standard required by Strickland. It must be borne in mind that lawyers cannot be expected to win
hopeless cases, nor are they to be adjudged incompetent because they try to do the impossible and fail. 
Williams v. State, 513 S.W.2d 54, 57 (Tex. Crim. App. 1974); Curtis v. State, 500 S.W.2d 478, 481-82 (Tex. Crim. App. 1973). Appellant's second, third, fourth, fifth, sixth, seventh and ninth points of error,
all relating to appellant's claim he received ineffective assistance of counsel, are overruled. 

 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Aboussie, Kidd and Dally*

Affirmed

Filed: July 24, 1997

Do Not Publish








 * Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



t he should have
been allowed to testify and to offer character witnesses at the punishment phase of trial, counsels' advice
and decision not to offer this evidence seems justified. In spite of having available much more evidence,
the State offered only the testimony of three witnesses that appellant's reputation for violence was bad. 
Even though the court and not the jury assessed punishment, if the defense had offered character witnesses,
the State could have tested the witnesses' knowledge by asking at least eighteen "have-you-heard"
questions relating to the extraneous offenses. If the defense had offered the character testimony and the
"have-you-heard" questions had been asked, appellant may have had a more serious complaint.

 In addition, appellant argues counsels' ineffectiveness is demonstrated by counsel 

requesting a psychological evaluation [of appellant] with no valid purpose. Appellant says this "opened the
door" for the State to argue prejudicial matters before the court assessing punishment. There is little
evidence in the record to support this claim. There is a passing reference to the psychological evaluation
report that was a part of the presentence report. However, the presentence report prepared for the trial
court was not admitted in evidence and is not in the appellate record. In any event, counsel should not be
criticized for obtaining a psychological evaluation of appellant, when counsel was faced with the difficult
defense of appellant, a reputed serial sex offender.

 There was a glaring conflict of evidence on the hearing of the motion for new trial. The trial
judge is the trier of fact on the motion for new trial. See Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim.
App. 1995); Blackmer v. State, 926 S.W.2d 399, 402-3 (Tex. App.--Waco 1996, pet. ref'd). Unless
it is shown the trial court abused its discretion, the court's decision to overrule the motion for new trial will
not be reversed on appeal. Moore v. State, 826 S.W.2d 775, 777 (Tex. App.--Houston [14th Dist.]
1992, pet. ref'd). We conclude the trial court did not abuse its discretion in overruling the motion for new
trial. In our independent judgment based on mixed questions of law and fact, we hold appellant's
contention that he did not have effective assistance of counsel is without merit. See Ex parte Owens, 860
S.W.2d at 729. We have considered appellant's claims and argument and we have examined the record
in light of the applicable law and conclude that trial counsel's representation of appellant was well within
the standard required by Strickland. It must be borne in mind that lawyers cannot be expected to win
hopeless cases, nor are they to be adjudged incompetent because they try to do the