288 So.2d 280 (1974)
William George BROGE et al., Appellants,
v.
STATE of Florida, Appellee.
Nos. 72-399  72-402.
District Court of Appeal of Florida, Fourth District.
January 8, 1974.
Rehearing Denied February 8, 1974.
Larry Klein, of Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, Nelson E. Bailey and Basil S. Diamond, Asst. Attys. Gen., West Palm Beach, for appellee.
FERRIS, JOHN G., Associate Judge.
Following a five weeks jury trial, appellants were convicted on various felony riot charges which stemmed from a labor dispute. Appellants do not challenge the sufficiency of the evidence but complain mainly of improper remarks and statements of the prosecutor. The most serious instance occurred during final argument when the prosecutor said:
"If you consciously believe this case has been handled improperly by the State or by the Court, do it. Don't feel badly about it. My duty, as I told you, is to see that these defendants get a fair trial and that is your duty also. I cannot believe under any stretch of the imagination, under any of these interpretations of these facts in this case, that you can believe that."
*281 While the quoted comment, even though ambiguous, seems to be relaying the prosecutor's personal belief on the believability of portions of the evidence, it is of course lifted out of context of the entire argument and its relationship to argument of defense counsel. In his closing argument, defense counsel castigated the testimony of the policemen who testified, commenting on the "false testimony" and "bold lies" of these witnesses. He accused the prosecution of "buying" evidence and knowing that the police officers had deliberately lied in this case. In rebutting those comments and others, the prosecutor advised the jury that if they believed those accusations as to the testimony of the police officers they should immediately find the defendants not guilty and then made the comment above quoted.
The Supreme Court was faced with a similar situation in Henderson v. State, 1927, 94 Fla. 318, 113 So. 689, and, after reviewing the alleged improper remarks and the arguments of the defense which preceded them, said:
"... we cannot afford to lay down a rule here which would make it hereafter possible for an attorney for the defendant in any hard fought criminal case to deliberately goad the state's attorney, by unfounded or improper charges and insinuations, into heated, indiscreet, and improper reply, and to then use such reply to secure a reversal of the case, regardless of the sufficiency of the evidence, thus enabling him to take advantage of his own wrong. This would indeed, be a dangerous precedent."
We find that the comment complained of was induced by, and was in fair rebuttal to, the repeated personal expressions by defense counsel as to veracity of certain witnesses and to the complicity of the state in offering known perjured testimony. The defendants cannot therefore be heard to complain in these circumstances.
Both prosecution and defense attorneys are reminded that, though a prolonged and hotly contested criminal jury trial will occasionally produce emotional remarks and replies, they are both under a continuing duty to refrain from improper remarks which may well prompt other improper remarks in retaliation. Disciplinary Rule DR 7-106(C)(4) of the Code of Professional Responsibility of the Florida Bar, 32 F.S.A. enjoins all trial counsel from asserting:
"... his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein."
Finding no error requiring reversal, the judgments of conviction in each case are affirmed.
WALDEN and MAGER, JJ., concur.