572 So.2d 952 (1990)
Esther GOMEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1887.
District Court of Appeal of Florida, Fifth District.
December 13, 1990.
Rehearing Denied January 11, 1991.
Charles G. White, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Gomez appeals from a judgment rendered after a jury trial which adjudicated her guilty of trafficking in cocaine in an amount of 400 grams or more. §§ 893.135(1)(b)(3) and 893.03(2)(a)(4), Fla. Stat. (1987). She argues the search and seizure of her automobile was illegal for several reasons. None appears to have any merit. However, we agree with Gomez that she is entitled to a new trial because of a state witness' comment on the exercise of Gomez's Fourth Amendment right.[1]
While Officer Bartholome was being cross-examined by defense counsel, he described his conversation with Gomez prior to her arrest. He said:
[A]nd I asked for a consent to search their vehicle. That's permission to search the vehicle, based on their knowledge what I'm going to be searching for, and it was understood by both ladies that I was going to be searching for cocaine, *953 and I was asked [sic] permission to, to search their vehicle and it was denied. They didn't... .
Defense counsel immediately objected and moved for a mistrial. The trial judge denied the motion on the ground that the witness merely responded to defense counsel's question.
Comment on a defendant's denial of permission to search a vehicle, although not exactly the same thing as comment on a defendant's right to remain silent, since the Fourth Amendment is involved rather than the Fifth,[2] constitutes constitutional error of the same magnitude.[3] A defendant who has a constitutional right to refuse to consent to a search (as Gomez did here, because Bartholome did not have probable cause to search at that point) should be free to exercise that right with impunity. No comment on its exercise should be permitted to raise an inference of guilt, if the Fourth Amendment right against unreasonable search and seizure is to be given its full meaning.[4]
However, commenting on a defendant's remaining silent or refusing to give consent to a search can be harmless error. The burden is on the state to establish beyond a reasonable doubt that the error did not contribute to the guilty verdict, or that there was no reasonable possibility that the error contributed to the conviction. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
In this case, we cannot say the error was harmless. The evidence that Gomez knew cocaine was lodged in the back seat of her car was circumstantial. Her passenger (Neugart) could have put it there without Gomez's knowledge, but Neugart was unavailable at the trial. There were no fingerprints belonging to Gomez on the cocaine package.
Accordingly, we reverse this cause and remand for a new trial.
REVERSED and REMANDED.
GOSHORN and PETERSON, JJ., concur.
NOTES
[1] U.S. Const. Amend. IV.
[2] U.S. Const. Amend. V.
[3] See Padgett v. State, 590 P.2d 432 (Alaska 1979); Bargas v. State, 489 P.2d 130 (Alaska 1971); People v. Turner, 730 P.2d 333 (Colo. App. 1986); People v. Stephens, 133 Mich. App. 294, 349 N.W.2d 162 (Mich. App. 1984).
[4] See also United States v. Thame, 846 F.2d 200 (3d Cir.), cert. denied, 488 U.S. 928, 109 S.Ct. 314, 102 L.Ed.2d 333 (1988) (improper comment in prosecutor's closing argument); United States v. Taxe, 540 F.2d 961 (9th Cir.1976), cert. denied, 429 U.S. 1040, 97 S.Ct. 737, 50 L.Ed.2d 751 (1977) (improper prosecutor comment).