846 So.2d 618 (2003)
Wanda KEARNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1185.
District Court of Appeal of Florida, Fourth District.
May 28, 2003.
*619 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marni A. Bryson, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
Wanda Kearney ("Kearney") was charged with unlawfully intercepting an oral communication and perjury in an unofficial proceeding. A jury acquitted Kearney of the intercepting charge, but convicted her of the perjury charge. She appeals the perjury conviction on three grounds, only one of which need be addressed.
Kearney was employed as a campus monitor at a high school. Apparently, a teacher filed a complaint against Kearney alleging that she had made some defamatory remarks regarding the teacher's personal life. As a result, Kearney was called into a conference by one of the assistant principals. Upon leaving this conference, *620 she was upset and allegedly told a colleague that the next time she met with the assistant principal, she was going to tape record the conversation.
Soon thereafter, Kearney was summoned to the office to meet with the principal. She allegedly placed a tape recorder into her waistband before departing for the conference. After the conference, she allegedly played the tape for her colleague. The principal later learned of the tape through the grapevine, and was piqued because she had not given Kearney permission to tape the private conference. The teacher's complaint along with the alleged taping incident were reported to the school board for review.
Kearney met with a school board investigator regarding both claims. She was questioned under oath and in the presence of her union representative. Kearney denied taping the conversation at this investigatory proceeding, and it is from this denial that the perjury charge stems.
Kearney contends that the perjury conviction should be reversed because the prosecutor improperly commented during closing argument on her invocation of the rights to remain silent and be free from unreasonable searches and seizures. Two comments are at issue. The first comment states:
The Defense says, where's the tape? The State should present the tape to you. That's a ridiculous argument, and the reason why it's a ridiculous argument is because the Defense fully knows well that the State doesn't have the tape. The Defense fully knows well that there's something called the Fifth Amendment, self-incrimination, and the Fourth Amendment, the right against illegal searches and seizures.
The second comment is a bit more dramatic in nature:
And that the government can't just bust down somebody's door and say, we're taking everything out of your house. The government can't just grab somebody by the hand and say, get over here, sit down, you're going to tell us what we want to know. We can't do it. We can't do it.
So the Defense says why doesn't the government have the tape. We don't have the tape because it's not in our possession. Who's possession is it in? Right there.
This case illustrates another thing the government cannot do, and that is comment on the defendant's rights to remain silent and be free from unreasonable searches and seizures. In fact, "any comment on, or which is fairly susceptible of being interpreted as referring to, a defendant's failure to testify is error and strongly discouraged." State v. Marshall, 476 So.2d 150, 153 (Fla.1985). Under this rubric, this Court has repeatedly demonstrated a low tolerance for closing argument remarks that even remotely or abstractly comment on the defendant's right to remain silent. See Anderson v. State, 711 So.2d 230 (Fla. 4th DCA 1998); Smith v. State, 681 So.2d 894 (Fla. 4th DCA 1996); Varona v. State, 674 So.2d 823 (Fla. 4th DCA 1996).
Closing argument remarks on a defendant's right to be free from unreasonable searches and seizures are not regarded any more favorably. In fact, comments on the Fourth Amendment and Fifth Amendment are considered "constitutional error of the same magnitude." Gomez v. State, 572 So.2d 952, 952 (Fla. 5th DCA 1991).
In the present case, it is clear that the first comment explicitly highlighted the Fourth and Fifth Amendments as impediments to the prosecution's ability to *621 produce the tape. The second comment is even more egregious in nature, due to its sheer dramatic effect. This comment cites the constitutional restraints placed on the government as an obstacle to the prosecution of the case, and then points a finger at Kearney for invoking the constitutional protections intended to shield her from governmental abuse. These comments, on their face, are "fairly susceptible" of being read as impermissible comments on the defendant's constitutional rights.
The State contends, nonetheless, that these remarks were permissible based on the fair reply doctrine. The State cites Broge v. State, 288 So.2d 280 (Fla. 4th DCA 1974), in support of this argument. The charges in Broge stemmed from a riot, and the defense undertook a campaign of argument intended to goad the prosecution into making the fatal error of commenting on the defendant's constitutional rights. Id. at 281. This Court concluded that prosecutorial comments on the Fifth Amendment were not error in the case, but instead appropriate to balance the implications raised by defense misconduct.
Id.
Additionally, the fair reply doctrine is limited in scope. In Hazelwood v. State, 658 So.2d 1241 (Fla. 4th DCA 1995), the prosecutor stated that both parties had subpoena power and suggested that other witnesses existed who would corroborate the State's case. Id. at 1242. This Court decided that it was not error to explain the subpoena power, but that it was error to go one step further and claim uncalled witnesses would bolster the State's case. Id.
In the present case, the defense did question the existence of the tape in its closing argument. However, this was to be expected in a case alleging that an illegal tape had been produced, because without the tape, the charge is less convincing. Furthermore, the defense did not pepper its entire argument with repeated statements regarding the whereabouts of the tape that were intended to push the prosecution toward fatal error. Even if this were not the case, and even assuming it was acceptable for the prosecution to explain the function of the Fourth and Fifth Amendments, it was beyond the scope of fair reply to beleaguer the constitutional restraints and protections implicit in any criminal case and then point a finger at Kearney for having a greater appreciation of the Constitution.
Finally, it must be determined whether the wholly impermissible closing argument remarks in this case warrant the reversal of Kearney's perjury conviction. The "fairly susceptible" rule is subject to harmless error analysis. Marshall, 476 So.2d at 153. The harmless error test as defined in State v. DiGuilio, 491 So.2d 1129 (Fla.1986), provides:
It is clear that comments on silence are high risk errors because there is a substantial likelihood that meaningful comments will vitiate the right to a fair trial by influencing the jury verdict.
Id. at 1136. In determining whether the risky remarks in the present case were harmless, the effect of the remarks on the jury must be considered. Goodwin v. State, 751 So.2d 537, 542 (Fla.1999).
Kearney's case is a one person said, another person said, scenario. She claims she did not make the tape, one of her colleagues claims she heard the tape, and no one is known to be in possession of the tape. Additionally, because she was acquitted of the intercepting charge, it is clear that the jury did not believe the State presented a case of overwhelming guilt against Kearney in that instance. Yet, for some reason, she was still convicted of perjury for claiming she did not *622 make that very tape. Kearney asserts that this illogical outcome is due to the effects of the prosecutorial comments on her constitutional rights. The jury was presented with an indictment of Kearney's credibility, because the comments created the impression that she made the tape, perjured herself by denying its existence, and refused to cooperate with the investigation by not delivering the tape. Kearney was entitled to assert her constitutional rights, and because it cannot be said with assurance that the impermissible prosecutorial comments did not influence the jury on the perjury charge, the prosecutor's error in this case cannot be said to be harmless.
In light of the prosecutor's impermissible comments on Kearney's Fourth and Fifth Amendment rights, her perjury conviction must be reversed and remanded for a new trial. We affirm all other aspects of this appeal without comment.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR A NEW TRIAL.
GUNTHER, TAYLOR, JJ., and TOBIN, VICTOR, Associate Judge, concur.