869 So.2d 650 (2004)
George MANNARINO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3921.
District Court of Appeal of Florida, Fourth District.
March 31, 2004.
*651 Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
The central issue in this appeal is whether the trial court erred in denying appellant's motion for mistrial due to an improper comment by the prosecutor on appellant's right to remain silent. We reverse on that issue and remand for a new trial. As a result, we decline to address the other issue raised by appellant.
George Mannarino, appellant in this case, was charged with uttering a forgery and petit theft, and tried by jury. The evidence showed that appellant and his girlfriend, Michelle Bereda (Bereda), entered a Denny's restaurant at approximately 5:00 a.m. on Christmas morning 1999. A waitress observed appellant exhibiting strange behavior, particularly, holding a stack of credit cards and shuffling them like playing cards. The couple then began arguing, and walked out of the restaurant leaving two credit card receipts for their food.
An officer was called to Denny's regarding a possible domestic disturbance. He started to question appellant to determine whether there had been a domestic battery, but appellant attempted to run out. Appellant was handcuffed and various credit cards were found on his person. He told the officer they belonged to Bereda. The officer noticed that it was not Bereda's name on the cards, and questioned her. Bereda told the officer that appellant had stolen a purse and the credit cards.
At trial, Bereda changed her story. She testified on behalf of the defense, stating that it was she who had stolen a purse and credit cards from a chair in the bar where she and appellant had been that night. She had not told appellant about the purse. Bereda testified that she and appellant had taken several Valium and consumed several alcoholic drinks that night. When they arrived at Denny's, she told him to get a credit card from her purse and he must have inadvertently gotten one from the purse she had stolen. She did not realize this had happened until appellant was being arrested and the officer pointed out that the name on the card did not match Bereda's driver's license. Bereda stated that she told the officers that appellant stole the purse and cards because she was mad at him. She ultimately pled guilty to stealing the purse and credit cards and uttering a forgery.
During closing argument, the prosecutor made the following comment:
The judge will instruct you the mere fact that the defendant had that card on him, the mere fact that he had it in his possession, presumption of guilt, and he stole those items, unless he can explain them away. And Ms. Bereda's explanation does not explain that away.
(Emphasis added). Appellant objected that that was an improper comment on his right to remain silent and moved for a mistrial. The trial court reserved ruling *652 on the motion stating that it was necessary to have the statement read back to him.
The jury found appellant guilty as charged. After the jury returned its verdict and was dismissed, the court asked the clerk to play back the pertinent portion of the State's closing argument. The court denied the mistrial, stating:
I'm going to deny the motion for a mistrial, although I will say that I think that the choice was probably an ill advised choice of words, that is using he specifically, you would arguably be referring specifically to the defendant.
But taken in the entire context of the argument, specifically in regard to the theft instruction, which is a proper instruction on the law, which does indicate that, that it does give rise to that, stolen property does give rise to an inference of possession unless satisfactorily explained, and it was not the focal point of the closing argument. In fact, the State indicated that I believe the other witness, said she did not properly explain it away.
I don't think that it's reasonable for a jury to conclude that that would be an improper comment upon the defendant's right to remain silent. And if it was error, it appears to me it would in any event be a harmless error.
Appellant argues that the prosecutor's closing argument comment that appellant had to "explain away" the fact that he had stolen credit cards in his possession was an inappropriate comment on his right to remain silent. We agree.
Improper prosecutorial comments give rise to error justifying mistrial when they are "so prejudicial that [they] vitiate the entire trial." Taylor v. State, 640 So.2d 1127 (Fla. 1st DCA 1994) (citing King v. State, 623 So.2d 486 (Fla.1993)). In determining whether reversal is warranted for an improper remark made by a prosecutor during the closing argument, the court must determine whether the effect of the comment was to prejudice the jury and impair the fairness of the proceeding. Taylor, 640 So.2d at 1135; see also State v. Murray, 443 So.2d 955, 956 (Fla.1984) (prosecutorial error alone does not warrant reversal unless trial error was "so prejudicial as to vitiate the entire trial"). Comments on a defendant's right to remain silent are subject to a harmless error analysis. See State v. Marshall, 476 So.2d 150 (Fla.1985); see also State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The test to determine what constitutes a comment on the defendant's right to remain silent is whether the comment is fairly susceptible of being interpreted by the jury as referring to [the] defendant's failure to testify. David v. State, 369 So.2d 943 (Fla.1979).
In Phillips v. State, 591 So.2d 987 (Fla. 1st DCA 1991), a case upon which appellant relies, the prosecutor made a similar comment in an attempt to address the defendant's failure to offer a reasonable explanation as to how he came to be in possession of stolen property. Id. at 990. The State argued that the comment merely gave effect to the standard jury instruction, which states that "[p]roof of possession of recently stolen property, unless satisfactorily explained, gives[s] rise to an inference that the person in possession of the property knew or should have known that the property was stolen." Fla. Std. Jury Instr. (Crim.) Theft.
Rejecting the State's argument, the First District in Phillips held that the comment was fairly susceptible of being interpreted as a comment on the defendant's right to remain silent. Id. Significantly, the court stated:
Although the state relies on the supreme court's decision in State v. Young, [217 *653 So.2d 567 (Fla.1968)] it omits the statement in Young that there is no mandatory duty to explain possession of the goods and that it is up to the accused to do so. 217 So.2d at 570. Also, as observed by the United States Supreme Court in Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973):
It is true that the practical effect of instructing the jury on the inferences arising from unexplained possession of recently stolen property is to shift the burden of going forward with evidence to the defendant. If the Government proves possession and nothing more, this evidence remains unexplained unless the defendant introduces evidence, since ordinarily the Government's evidence will not provide an explanation of his possession consistent with innocence.

At 846, n. 11, 93 S.Ct. at 2363 n. 11, 37 L.Ed.2d at 387, n. 11 (emphasis [in original]). Thus, the state is not required as a predicate for obtaining the instruction to put on affirmative evidence that the accused did not explain his possession at the time of his arrest. Clearly, from our opinion herein, the state may not do so without impermissibly commenting on the defendant's right to remain silent.

Phillips, 591 So.2d at 990 (emphasis added); see also Dean v. State, 690 So.2d 720, 724 (Fla. 4th DCA 1997) (comment on defendant's failure to explain why he had been traveling under an assumed name was fairly susceptible to interpretation on his right to remain silent and not harmless where defendant was the only person who could have testified about that issue).
In this case, the prosecutor argued at trial that there was nothing inappropriate about her comment because it mirrored the standard jury instruction. First, we find that her comment did not mirror the jury instruction because she added the word "he," which obviously refers to appellant and suggests that he was required to, but did not, explain his possession of the stolen credit cards. Second, even if her comment were a correct statement of the law as it is given in the standard jury instruction, in the context in which the comment was made, it was an inappropriate comment on appellant's right to remain silent. The error was not harmless because appellant was the only person besides Bereda who could have explained why he had the credit cards. Although Bereda explained at trial that she had stolen the purse and cards and appellant had no knowledge of that fact, her testimony was impeached by her prior statement to the officer that it was appellant who stole the purse. On these facts, the prosecutor's comment could not have been harmless.
We accordingly reverse and remand for a new trial.
REVERSED AND REMANDED FOR NEW TRIAL.
FARMER, C.J., and GUNTHER, J., concur.