949 So.2d 271 (2007)
Benjamin ELISHA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4060.
District Court of Appeal of Florida, Fourth District.
February 7, 2007.
Rehearing Denied March 23, 2007.
*272 J. David Bogenschutz of Bogenschutz, Dutko & Kroll, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Benjamin Elisha, appeals a judgment and sentence for two counts of sexual battery upon a child and one count of false imprisonment of a child under the age of thirteen. Elisha was classified as a sexual predator and sentenced to life imprisonment on all three counts with a minimum mandatory sentence of twenty-five years, sentences to run concurrently. Elisha raises four points in this appeal, and we find merit in two of the issues raised. On the basis of the issues discussed below, we reverse Elisha's convictions and remand for a new trial.
For his first basis for reversal, Elisha argues the trial court erred in denying his motion for mistrial after the State made impermissible, inflammatory comments in its closing argument. During its closing arguments the State referred to Elisha as "a condom-carrying masturbator" and "a masturbator" more than thirty times.
*273 The trial court's denial of a motion for mistrial is reviewed using an abuse of discretion standard. Smith v. State, 866 So.2d 51, 59 (Fla.2004). An order granting mistrial is required only when the error upon which it rests is so prejudicial as to vitiate the entire trial, making a mistrial necessary to ensure that the defendant receives a fair trial. Id. at 58 (internal citations omitted). "Improper prosecutorial comments give rise to error justifying mistrial when they are `so prejudicial that [they] vitiate the entire trial.'" Mannarino v. State, 869 So.2d 650, 652 (Fla. 4th DCA 2004)(quoting Taylor v. State, 640 So.2d 1127 (Fla. 1st DCA 1994)). "In determining whether reversal is warranted for an improper remark made by a prosecutor during the closing argument, the court must determine whether the effect of the comment[s] was to prejudice the jury and impair the fairness of the proceeding." Mannarino, 869 So.2d at 652.
In this case, Elisha admitted to masturbating in the bathroom stall at the Swap Shop in a taped statement to the police. "If the evidence supports such a characterization, counsel is not impermissibly stating a personal opinion about the credibility of a witness, but is instead submitting to the jury a conclusion that reasonably may be drawn from the evidence." Murphy v. Int'l Robotic Sys., Inc., 766 So.2d 1010, 1029 (Fla.2000).
However, we find the prosecutor's many repeated references to Elisha's masturbation were designed to inflame the prejudices of the jury and constitute an impermissible general attack on his character. See Chambers v. State, 924 So.2d 975, 978 (Fla. 2d DCA 2006). We find the numerous references to Elisha's sexual practices were "so inflammatory that they might have influenced the jury to reach a more severe verdict than that it would have otherwise reached." Id. at 978-79. This concern is heightened by the fact that the evidence against Elisha was far from overwhelming. There was no physical evidence, either in the form of DNA evidence or conclusive physical injury, tying Elisha to the victim. The evidence against Elisha consisted of the victim's testimony and statements and the victim's grandfather's testimony. Therefore, we reverse the trial court's denial of Elisha's motion for mistrial.
For his second issue, Elisha argues that the trial court erred in denying a second motion for mistrial after a portion of his taped statement, which was played for the jury, revealed his request for an attorney, asserting this was an impermissible comment on his right to silence. "Any comment that is `fairly susceptible' of being interpreted as a comment on the defendant's right to remain silent will be treated as such." Grier v. State, 934 So.2d 653, 655 (Fla. 4th DCA 2006).
Admission of a defendant's statement requesting an attorney amounts to a comment on the defendant's right to remain silent. Comments on silence are high risk errors because there is a substantial likelihood that such comments will vitiate the right to a fair trial. Unless the state can show harmless error, a comment on the defendant's exercise of the right to remain silent warrants reversal.
Id. (internal citations omitted).
The jury heard the following exchange, which occurred at the end of Elisha's lengthy taped statement:
Elisha: When is my lawyer going to show up?
Benito: You want a lawyer?
Elisha: Yes.
Benito: This is the first time you tell me you want a lawyer.
Elisha: No, because you are already accusing me and you are saying I am lying.

*274 Benito: Fine, this is it. I am not going to ask you anything else without a lawyer present.
We find it was error to admit the portion of Elisha's taped statement in which he asked for an attorney, as it "amounts to a comment on the defendant's right to remain silent. . . . Unless the state can show harmless error, a comment on the defendant's exercise of the right to remain silent warrants reversal." Grier, 934 So.2d at 655. "An error is harmless only where, after close examination of the permissible evidence and even closer examination of the impermissible evidence, it is clear that the testimony did not affect the jury verdict and was harmless beyond reasonable doubt." Kiner v. State, 824 So.2d 271, 272 (Fla. 4th DCA 2002). As noted above, the evidence against Elisha was not overwhelming, and we cannot say that Elisha's request for an attorney did not affect the jury's verdict.
Based on these two grounds, we find the trial court erred in denying Elisha's motions for mistrial, reverse his convictions and remand for a new trial.
WARNER and GROSS, JJ., concur.