LEVENSON, JEFFREY R., Associate Judge.
 

 Robert Fratcher appeals his judgment and sentence for burglary of a dwelling with assault or battery. Fratcher raises three issues on appeal; we affirm without further comment the first two issues concerning the motion to suppress and the rule of sequestration. As to the third issue, we hold that the trial court abused its discretion when it overruled Fratcher’s objection to the prosecutor’s comments on his refusal to consent to a search. However, we conclude that the error was harmless. Accordingly, we affirm.
 

 On December 6, 2000, Fratcher broke into the Hyatt family’s home.
 
 [1]
 
 He was arrested early the next morning at his girlfriend’s house. At the scene of the arrest, Detective Nancy McNally asked Fratcher for consent to search his truck, but he refused. During the prosecutor’s opening statement at the jury trial, she made two comments on Fratcher’s with
 
 *367
 
 holding of consent. First, the prosecutor said,
 

 The police get there. Fratcher opens the door and they place him under arrest. He immediately — the officer, you hear Detective McNally ... say, .can I search your truck. No, you can’t search my truck.
 

 Shortly after that comment, the prosecutor made this one:
 

 Nancy McNally, the detective, looked in Fratcher’s truck and saw [clothing that matched a victim’s description.] Since Fratcher said she couldn’t search, she couldn’t go into his truck, which is his right, that’s fine. She went and got a search warrant.
 

 The prosecutor then told the jury what she thought the evidence would show, and she asserted that the jury would hear a conversation between Fratcher and his father that was recorded at the county jail. At that point, Fratcher’s attorney objected to the reference to Fratcher being in jail.
 

 After argument and the trial judge’s ruling on that objection, Fratcher’s attorney argued for a mistrial because the prosecutor stated that Fratcher did not consent to a search of his truck. It appears Fratcher’s attorney did not raise this objection earlier because he could not adequately hear the prosecutor during her opening statement. As a result, Fratcher’s attorney did not point to which of the two comments he thought objectionable. In response, the prosecutor argued that Fratcher had the right to refuse consent, and contended that commenting on a defendant’s refusal to consent was not the same as commenting on his remaining silent. The trial judge overruled Fratcher’s objection and denied the motion on the basis that Fratcher’s attorney did not timely object to the comment and that, if he did so timely object, the comment did not vitiate the entire trial. Despite his ruling, the judge admonished the prosecutor not to make further reference to Fratcher’s refusal to give consent, and to instead say only that law enforcement obtained a search warrant.
 

 Ultimately, the jury found Fratcher guilty of burglary of a dwelling with an assault or battery. No further mention of the defendant’s refusal to the car search was made during the trial.
 

 At the outset, we find the issue of the prosecutor’s comments to be preserved. A defendant need not object immediately after the state makes an impermissible comment.
 
 Cf. Jackson v. State,
 
 451 So.2d 458, 461 (Fla.1984) (within context of witness’s in-court testimony, “[a]n objection need not always be made at the moment an examination enters impermissible areas of inquiry”). Additionally, “[A]n objection may be considered timely if it is made soon enough to allow the trial court to provide a remedy.” Philip J. Padovano,
 
 Appellate Practice
 
 § 8:3, at 150-51 (2009 ed.). Here, even though Fratcher’s attorney did not object immediately after the prosecutor’s comment, he did object shortly thereafter, and soon enough that the judge could have issued a curative instruction to the jury had he sustained the objection. However, Fratcher’s attorney did not specify whether he was objecting to one or both of the comments the prosecutor made. Because Fratcher complains of only the first prosecutorial comment in his brief, we confine our analysis to that comment.
 

 We now turn to the merits. Fratcher argues that the judge abused his discretion when he overruled Fratcher’s objection to the prosecutor’s comment and denied his motion for mistrial. He contends that the prosecutor improperly commented on his constitutional right to refuse to consent to a search. The state responds that the
 
 *368
 
 judge did not abuse his discretion because he instructed the prosecutor not to make further comments on Fratcher’s refusal. We hold that the trial judge abused his discretion when he overruled Fratcher’s objection, but not when he denied Fratcher’s motion for mistrial.
 
 See Taylor v. State,
 
 640 So.2d 1127, 1133 (Fla. 1st DCA 1994) (standard of review for ruling on prosecutorial comments);
 
 Elisha v. State,
 
 949 So.2d 271, 273 (Fla. 4th DCA 2007) (standard of review for denial of motion for mistrial).
 

 The fifth district wrote in
 
 Gomez v. State,
 
 572 So.2d 952, 953 (Fla. 5th DCA 1990), that
 

 [cjomment on a defendant’s denial of permission to search a vehicle, although not exactly the same thing as comment on a defendant’s right to remain silent, since [different constitutional amendments are involved], constitutes constitutional error of the same magnitude. A defendant who has a constitutional right to refuse to consent to a search ... should be free to exercise that right with impunity. No comment on its exercise should be permitted to raise an inference of guilt, if the Fourth Amendment right against unreasonable search and seizure is to be given its full meaning.
 

 (Footnotes omitted). In
 
 Gomez,
 
 the fifth district reversed for a new trial because a state witness, a police officer, testified that he asked for permission to search Gomez’s car; that Gomez understood the officer would be looking for cocaine; and that Gomez refused consent for the search.
 
 Id.
 
 at 952-53. The court found that the error was harmful because “[t]he evidence that Gomez knew cocaine was lodged in the back seat of her car was circumstantial.”
 
 Id.
 
 at 953.
 

 We followed
 
 Gomez
 
 in
 
 Kearney v. State,
 
 846 So.2d 618 (Fla. 4th DCA 2003). There, Kearney had been acquitted of unlawfully intercepting an oral communication but nonetheless convicted of perjury.
 
 Id.
 
 at 619. We reversed the perjury conviction because of two remarks the prosecutor made during closing argument.
 
 Id.
 
 at 622. Both of these comments referenced Kearney’s right to refuse consent to a search, which she had apparently exercised, leading to the state’s inability to produce a tape Kearney had denied making; this denial served as the basis of the perjury charge.
 
 Id.
 
 at 620. We held that “[t]hese comments, on their face, [were] ‘fairly susceptible’ of being read as impermissible comments on the defendant’s constitutional rights.”
 
 Id.
 
 at 621. We then held that the error was harmful.
 
 Id.
 
 at 621-22. Since Kearney was acquitted on the charge of unlawfully intercepting an oral communication, “it [was] clear that the jury did not believe the State presented a case of overwhelming guilt against Kear-ney in that instance.”
 
 Id.
 
 at 621. Because the evidence against Kearney was thin (Kearney claimed she did not make the tape, a co-worker claimed she heard the tape, and no one knew who possessed the tape), we could not say that the prosecutor’s “indictment of Kearney’s credibility ... did not influence the jury on the perjury charge.”
 
 Id.
 
 at 621-22.
 

 In this appeal, Fratcher complains of the following comment the prosecutor made during her opening statement:
 

 The police get there. Fratcher opens the door and they place him under arrest. He immediately — the officer, you hear Detective McNally ... say, can I search your truck. No, you can’t search my truck.
 

 We believe that, under
 
 Gomez,
 
 the trial judge abused his discretion in overruling Fratcher’s objection to this comment. While the prosecutor did not make the comment in a closing argument — so that it was not tinged with the argumentative
 
 *369
 
 character that made the
 
 Kearney
 
 comments so harmful — it was made as part of a narrative retelling of the facts, as was the impermissible comment in
 
 Gomez.
 
 Against this case’s constitutional backdrop, the prosecutor’s comment ran afoul of the strong prohibition against comment on a defendant’s exercise of his Fourth Amendment rights that the fifth district announced in
 
 Gomez
 
 and we followed in
 
 Kearney.
 
 Nonetheless, we find the error to be harmless.
 
 See Goodwin v. State,
 
 751 So.2d 537 (Fla.1999).
 

 Contrary to Fratcher’s argument, however, the judge did not abuse his discretion in denying the motion for mistrial. “Improper prosecutorial comments give rise to error justifying mistrial when they are so prejudicial that they vitiate the entire trial. In determining whether reversal is warranted ..., the court must determine whether the effect of the comment was to prejudice the jury and impair the fairness of the proceeding.”
 
 Mannarino v. State,
 
 869 So.2d 650, 652 (Fla. 4th DCA 2004) (citations omitted) (some internal punctuation marks omitted) (in context of comments made by prosecutor during closing argument). Here, the trial court ruled that the comment did not vitiate the entire trial. We agree. The prosecutor made the comment during opening statement in a non-argumentative manner and did not focus on the fact that Fratcher refused consent to a search. After the judge admonished the prosecutor not to mention it again, the prosecutor did not.
 

 Accordingly, we affirm the judgment of conviction and sentence.
 

 FARMER and TAYLOR, JJ., concur.
 

 [1]
 

 . We state the facts in the light most favorable to the state.
 
 See Carter v. State,
 
 23 So.3d 1238 (Fla. 4th DCA 2009).