THOMAS, J.
In this direct criminal appeal, Federico Martin Bravo, II, challenges his judgment of conviction and sentence for aggravated assault with possession of a firearm, raising three grounds for reversal. We conclude that the trial court abused its discretion in denying Bravo’s motion in limine to exclude testimony regarding his refusal to consent to a police officer’s request to conduct a warrantless search of his home for a gun. This error was not harmless beyond a reasonable doubt, and we reverse under Point I. We do not reach Appellant’s other two points.

Facts

The police initially contacted Bravo in a phone interview three days after the incident giving rise to the charge, during which Bravo stated that the gun in question was a BB-gun. Bravo was not arrested on the charge of aggravated assault until almost a year later, at his home. Before trial, defense counsel filed a motion in limine requesting that the State be prohibited from making any direct or indirect reference at trial to Bravo’s statement to the arresting officer that his residence could not be searched without a warrant. Defense counsel informed the trial court that the arresting officer questioned Bravo as to whether he owned a handgun. Bravo responded that he did, but the gun was at his mother’s house. The officer asked if he could search Bravo’s residence, and Bravo responded that the officer would have to get a search warrant. Counsel asked that Bravo’s response be excluded at trial as irrelevant, arguing that Bravo would admit at trial to owning the handgun, and, furthermore, that allowing the State to introduce the statement would infringe on Bravo’s constitutional right to insist that law enforcement officers obtain a warrant before searching his residence. In response, the State argued that it in *623 tended to introduce Bravo’s statement as evidence of his consciousness of guilt: Bravo owned a handgun, the police were trying to find it, and Bravo was uncooperative in an attempt to hide the evidence. The trial court asked the prosecutor if he could distinguish Bravo’s statement from a comment on his right to remain silent. The prosecutor responded that Bravo did not remain silent after being given his Miranda warnings, but, in fact, had made a statement. The trial court denied the motion in limine.
Consequently, at trial, Officer Hurst testified that when he asked Bravo for his consent to search his house for the handgun, Bravo responded that he would need a search warrant to do so. Defense counsel renewed his objection to this line of questioning, basing the objection on the arguments made in the motion in limine. On cross-examination, Officer Hurst testified that he never did obtain a search warrant for the gun. No firearm was introduced into evidence.
In his closing argument, the prosecutor reminded the jurors that it was their job to determine the credibility of the witnesses. He then suggested that Bravo’s testimony was unworthy of belief, because he lied to police when he first told them that he only possessed a BB-gun on the night of the fight, and because he refused to allow the police to search his home. The prosecutor then added, “Well, if you were defending yourself, go ahead and give us the gun, nothing to hide. He refused, because [he] had something to hide. You can consider this as consciousness of guilt. What was going on in his mind, how he felt about his actions that day.” The jury returned a verdict of guilty as charged.

Analysis

On appeal, Bravo argues that the trial court erred in denying his motion in limine to exclude evidence of his refusal to consent to the search. He argues that the introduction of this testimony, combined with the prosecutor’s closing argument, amounted to an improper comment on Bravo’s right to be free from unreasonable searches and seizures, citing to Gomez v. State, 572 So.2d 952 (Fla. 5th DCA 1990), and Kearney v. State, 846 So.2d 618 (Fla. 4th DCA 2003) (applying the rationale of Gomez). The State concedes the point, but argues that any error must be deemed harmless under the dictates of State v. DiGuilio, 491 So.2d 1129 (Fla.1986) (holding that comments on a defendant’s silence are subject to a harmless error analysis). We disagree with the State that the error can be deemed harmless.
In Gomez, the Fifth District Court of Appeal addressed the constitutional implications of a police officer’s testimony revealing that Gomez had declined to give the officer consent to search her vehicle for cocaine, holding that Gomez was entitled to a new trial because of the officer’s “comment on the exercise of Gomez’s Fourth Amendment right.” 572 So.2d at 952. The court explained its reasoning as follows:
Comment on a defendant’s denial of permission to search a vehicle, although not exactly the same thing as comment on a defendant’s right to remain silent, since the Fourth Amendment is involved rather than the Fifth, constitutes constitutional error of the same magnitude. A defendant who has a constitutional right to refuse to consent to a search (as Gomez did here, because Bartholome did not have probable cause to search at that point) should be free to exercise that right with impunity. No comment on its exercise should be permitted to raise an inference of guilt, if the Fourth Amendment right against unreasonable search and seizure is to be given its full meaning.
*624 Id. at 958 (footnotes omitted). In support of its ruling, the Fifth District cited to decisions from the Third and Ninth Circuit Courts of Appeal, the Alaska Supreme Court, and appellate courts in both Colorado and Michigan. Id.
Citing Gomez, the Fourth District Court of Appeal in Kearney held that the case before it “illustrates another thing the government cannot do, and that is comment on the defendant’s rights to remain silent and be free from unreasonable searches and seizures.” 846 So.2d at 620. After reaffirming that it had “repeatedly demonstrated a low tolerance for closing argument remarks that even remotely or abstractly comment on the defendant’s right to remain silent,” id., the Fourth District stated emphatically that “[c]losing argument remarks on a defendant’s right to be free from unreasonable searches and seizures are not regarded any more favorably. In fact, comments on the Fourth Amendment and Fifth Amendment are considered ‘constitutional error of the same magnitude.’ ” 846 So.2d at 620 (quoting Gomez, 572 So.2d at 952). We adopt the reasoning of our sister courts in Gomez and Kearney, and hold that the trial court abused its discretion in allowing the State’s use of testimony commenting on Bravo’s exercise of his Fourth Amendment right, as well as its subsequent emphasis on Bravo’s exercise of that right in closing argument.
Nevertheless, as recognized by the courts in both Gomez and Kearney, the impermissible testimony and closing remarks in this case are subject to the harmless error analysis as defined in State v. DiGuilio. See Kearney, 846 So.2d at 621; Gomez, 572 So.2d at 953. In neither Gomez nor Kearney could the courts say that the error was harmless. Nor can we say the error was harmless in the instant case. The harmless error test as described in DiGuilio provides that comments on a defendant’s right to remain silent or, now, on a defendant’s right to be free from unreasonable searches, “are high risk errors because there is a substantial likelihood that meaningful comments will vitiate the right to a fair trial by influencing the jury verdict.” DiGuilio, 491 So.2d at 1136. Thus, “the effect of the remarks on the jury must be considered.” Kearney, 846 So.2d at 621 (citing Goodwin v. State, 751 So.2d 537, 542 (Fla.1999)). In Goodwin, the supreme court emphasized that in applying the harmless error analysis, “the reviewing court must resist the temptation to make its own determination of whether a guilty verdict could be sustained by excluding the impermissible evidence and examining only the permissible evidence.” 751 So.2d at 542. Thus, according to Goodwin, “ ‘overwhelming evidence of guilt’ ’ does not negate harmful error, “ ‘for the jury may have reached its verdict because of the error without considering other reasons untainted by error that would have supported the same result.’ ” Id. (quoting State v. Lee, 531 So.2d 133, 137 (Fla.1988)).
In the present case, Bravo never contended that he did not own a gun or point the gun at Nicholas Hrycaj. Instead, he argued that he had acted out of fear and in self-defense when, after having been amongst a large group of strangers who watched as he was attacked and beaten, he ran to the car to escape. In doing so, he turned and saw that he was being pursued by two or three men. When he reached the car and discovered that it was locked, and then he saw Hrycaj standing next to him, Bravo testified that he panicked and pulled the gun from his pocket and warned Hrycaj to “get back.” In this context, Officer Hurst’s testimony that Bravo would not consent to a search of his home without a warrant nearly a year after the incident was irrelevant, except to *625 imply that Bravo was guilty of “something.”
The State highlighted Appellant’s refusal to consent to a search by using this testimony to urge the jurors to question the credibility of Bravo’s theory of self-defense. As was true in Kearney, here the jury was presented with “an indictment” of Bravo’s credibility. 846 So.2d at 622. Yet Bravo was entitled to exercise his Fourth Amendment right and, to repeat the Fifth District’s admonition in Gomez, “[n]o comment on its exercise should be permitted to raise an inference of guilt.” 572 So.2d at 953.
Because it cannot be said beyond a reasonable doubt that the impermissible testimony and prosecutorial comments did not influence the jury, we hold the error in this case is not harmless. Accordingly, Bravo’s conviction for aggravated assault with possession of a firearm is reversed and the case remanded for a new trial.
REVERSED and REMANDED for a new trial.
WETHERELL and MARSTILLER, JJ., concur.