THOMAS, J.
Appellant was convicted and sentenced under section 790.23, Florida Statutes, for possession of a firearm by a convicted felon. Although Appellant raises four issues on appeal, we need only address one, as it is dispositive. Appellant argues that the trial court erred by denying his motion for mistrial based upon the prosecutor’s comments during its opening statement regarding Appellant’s refusal to consent to a search of his vehicle. We agree, and reverse.
During opening statements, the State described the arresting officer’s initial encounter with Appellant as follows:
As he approached the car the defendant exited his car, closed the door and then just stood by his car. Detective McCrae approached the defendant and talked to him. Said, hey man, what’s going on? What are you doing? They have a brief conversation. The detective ask[ed] if he could search the defendant. The defendant said, yeah, you can search me. I don’t have anything on me. I’m not doing anything illegal.
So Detective McCrae did a pat down search and he didn’t find anything. And he asked, do you have anything illegal in your car? And the defendant said, no. He said, do you mind if I search it and the defendant said, no, I don’t want you to search my car. I’m going to go into the club now.
Defense counsel timely objected and moved for a mistrial, arguing it was a comment on Appellant’s invocation of his constitutional right to remain silent, and also that it was “a link in the chain of evidence.” The trial court overruled the objection and instead instructed the State to inform the jury of its error and advise them to disregard the comment.
We hold that the trial court erred by overruling Appellant’s objection and that this error was not harmless here. See Bravo v. State, 65 So.3d 621 (Fla. 1st DCA *998 2011) (reversing conviction where trial court allowed impermissible testimony regarding defendant’s refusal to consent to search of home without a warrant); Gomez v. State, 572 So.2d 952, 953 (Fla. 5th DCA 1990) (holding “[c]omment on a defendant’s denial of permission to search a vehicle, although not exactly the same thing as comment on a defendant’s right to remain silent, since the Fourth Amendment is involved rather than the Fifth, constitutes constitutional error of the same magnitude.”) (footnote omitted); see also Ramet v. State, 125 Nev. 195, 209 P.3d 268 (2009) (holding that state may not introduce evidence that defendant refused to consent to warrantless search, as “defendant’s invocation of his Fourth Amendment right cannot be used as evidence of a crime or consciousness of guilt,” and citing Gomez and other federal and state decisions, but recognizing that error may be harmless).
Here, the State argues that its comments that Appellant declined to allow a search of the car were harmless. We disagree. Appellant’s entire defense was that he did not knowingly possess the firearm; the defense theory, based on the testimony of both Appellant and his grandmother, was that both the firearm and the car belonged to his grandmother, and he did not know the gun was in the car until he was being pursued by police on a traffic charge and he reached into the glove compartment to retrieve the vehicle’s registration.
Taken in conjunction with the officer’s trial testimony that he saw what he thought was a case containing a gun on the driver’s floorboard, the prosecutor’s statement about Appellant’s refusal to consent to a search of the vehicle went directly to the issue of knowing possession. That is, the impermissible comment could easily have led the jury to conclude that Appellant declined the vehicle search because he knew he had a gun in the car, which obviously negated his entire theory that he did not know his grandmother had mistakenly left her gun in the glove compartment. Thus, the error cannot be considered harmless beyond a reasonable doubt. See Goodwin v. State, 751 So.2d 537 (Fla.1999) (providing standard of appellate review of harmless error); cf. Fratcher v. State, 37 So.3d 365 (Fla. 4th DCA 2010) (finding similar error harmless under specific facts of that case).
Accordingly, we REVERSE and REMAND for a new trial.
BENTON, C.J., and SWANSON, J., concur.