DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAYMOND C. GLEASON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-678

[March 9, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert R. Makemson, Judge; L.T. Case No. 562013CF000865A.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, C.J.

Raymond Gleason appeals his convictions of burglary of a dwelling and dealing in stolen property. He raises three issues, two of which we find have no merit. However, we agree with Gleason that his conviction should be reversed based on improper closing argument by the prosecutor.

Evidence at trial showed that, while the victim was at work, someone entered both her home and a shed located in the backyard. That person took a wood chipper from the shed. A neighbor saw a man carrying a large object as he left the victim's property. The neighbor questioned the man, who told him he "was gonna go do a job," and that he was selling the wood chipper for somebody. The man sported tattoos on his arms and neck. The neighbor was eighty percent certain that Gleason was the man he saw that day. A law enforcement officer testified that soon after the neighbor saw the man leaving the victim's property, Gleason appeared at a taxi cab station near the victim's home with the wood

chipper in his possession, and that Gleason left the taxi cab station after being confronted. The officer also testified that Gleason had tattoos on his arms and neck. In the time leading up to trial, the officer learned that Gleason did not have a neck tattoo. He speculated that what he thought was a neck tattoo could have been dirt. Photos entered into evidence showed that Gleason had tattoos on his arms but not on his neck. Gleason was interviewed by law enforcement officers during an unrelated criminal investigation. During the taped interview, he made statements placing him with the wood chipper at the taxi cab station. However, he did not admit to being the person who stole the wood chipper.

During closing argument, the prosecutor stated as follows:

> [Y]ou'll get another instruction that possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person knew or should [have] known that the property had been stolen. Very similar to the last instruction on burglary about possession of stolen property, it's very similar. Because again, the legislature, they understand that people who steal the items have the items. So possession of the items shows, it's good evidence to show that he committed the crime. And again, this is not a case where, you know, it's months, days, weeks later, this is right after the burglary, right after. And there has been no satisfactory explanation as to why or how he had this property, this stolen property. There's been no evidence at trial to explain satisfactorily why he had this other than he committed the burglary, other than he committed the dealing in stolen property. That's the only reasonable explanation. So you shouldn't go back there and say, well, maybe, maybe he just found it. There's no evidence of that. He didn't just find this on the street, he stole it and that's why he lied about his name and that's why he ran.

Defense counsel objected, arguing that the prosecutor had shifted the burden of proof to Gleason and commented on his silence. The trial court overruled the objection, agreeing with the prosecutor that the argument was related to the jury instruction and thus proper. Presumably emboldened by the trial court's evidentiary ruling, the prosecutor then continued: "As I said, there has been no evidence to – satisfactorily to explain why this Defendant had that stolen chipper, mulcher, unless if he just stole it."

2

The trial court instructed the jury on the presumption provided for in section 812.022(2), Florida Statutes (2013), namely that "[p]roof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen."[1]  The court also instructed the jury on the following common law presumption: "Proof of possession by an accused of property recently stolen by means of a burglary, unless satisfactorily explained, may justify a conviction of burglary if the circumstances of the burglary and of the possession of the stolen property convince you beyond a reasonable doubt that the defendant committed the burglary."[2]

We begin with the well-settled premise that the trial court has "discretion to control the comments made to a jury." *Salazar v. State*, 991 So. 2d 364, 377 (Fla. 2008) (quoting *Ford v. State*, 802 So. 2d 1121, 1132 (Fla. 2001)).

> Improper prosecutorial comments give rise to error justifying mistrial when they are "so prejudicial that [they] vitiate the entire trial."  In determining whether reversal is warranted for an improper remark made by a prosecutor during the closing argument, the court must determine whether the effect of the comment was to prejudice the jury and impair the fairness of the proceeding.

*Mannarino v. State*, 869 So. 2d 650, 652 (Fla. 4th DCA 2004) (alteration in original) (quoting *Taylor v. State*, 640 So. 2d 1127, 1133 (Fla. 1st DCA 1994)).  In keeping with a defendant's constitutional right to choose not to testify at trial, "[a]ny comment on, or which is fairly susceptible of being interpreted as referring to, a defendant's failure to testify is error and is strongly discouraged." *State v. Marshall*, 476 So. 2d 150, 153 (Fla. 1985).  This "'fairly susceptible' test is a 'very liberal rule.'" *Rodriguez v. State*, 753 So. 2d 29, 37 (Fla. 2000) (quoting *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986)).  *See also* Fla. R. Crim. P. 3.250 (providing, in pertinent part, that "no accused person shall be compelled to give testimony against himself or herself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his or her own behalf").

We note there is a distinction between impermissible comments on silence and permissible comments on the evidence in a case.  "A

---

[1] *See* Fla. Std. Jury Instr. (Crim.) 14.2.
[2] *See* Fla. Std. Jury Instr. (Crim.) 13.1.

constitutional violation occurs . . . if either the defendant alone has the information to contradict the government evidence referred to or the jury naturally and necessarily would interpret the summation as a comment on the failure to testify." *Rodriguez*, 753 So. 2d at 38 (alteration in original) (citation and internal quotation marks omitted). Stated another way, "where the evidence is uncontradicted on a point that only the defendant can contradict, a comment on the failure to contradict the evidence becomes an impermissible comment on the failure of the defendant to testify." *Id.*

Additionally, "[w]hen arguing to the jury, the State may not make comments that mislead the jury as to the burden of proof." *Paul v. State*, 980 So. 2d 1282, 1283 (Fla. 4th DCA 2008). Comments on silence may also equate to burden-shifting comments: "[T]he State may not comment on a defendant's failure to mount a defense because doing so could lead the jury to erroneously conclude that the defendant has the burden of doing so." *Rodriguez*, 753 So. 2d at 38.

Here, the state contends the prosecutor's arguments were proper comments related to the presumption of knowledge. A previous opinion of this court leads us to conclude that reversal is required here. In *Mannarino*, 869 So. 2d 650, the defendant was charged with uttering a forgery and petit theft, arising from his possession of stolen credit cards. His girlfriend testified that she stole the credit cards and that the defendant unknowingly came into possession of the stolen goods when she asked him to pay for their meal at a restaurant with her credit card, and he took the credit card out of her purse. *Id.* at 651. During closing argument, the prosecutor argued as follows:

> The judge will instruct you the mere fact that the defendant had that card on him, the mere fact that he had it in his possession, presumption of guilt, and he stole those items, unless he can explain them away. And Ms. Bereda's explanation does not explain that away.

*Id.* (emphasis omitted). The trial court denied defense counsel's motion for mistrial, reasoning that the comment was not inconsistent with the jury instruction.[3] On appeal, the state argued that the comment

---

[3] Although the opinion does not quote the instruction that was given, it is clear that it was the presumption provided for in Florida Standard Jury Instruction (Criminal) 14.2 and section 812.022(2), Florida Statutes. Mannarino was charged with theft, and the opinion reflects that the trial court referenced the "theft instruction." *Id.* at 652.

4

mirrored the jury instruction. We rejected the argument, noting that the prosecutor "added the word 'he,' which obviously refers to appellant and suggests that he was required to, but did not, explain his possession of the stolen credit cards." *Id.* at 653. This court also reasoned that "even if her comment were a correct statement of the law as it is given in the standard jury instruction, in the context in which the comment was made, it was an inappropriate comment on appellant's right to remain silent." *Id.* We found the error was not harmless "because appellant was the only person besides [his girlfriend] who could have explained why he had the credit cards," and the girlfriend's testimony was impeached by her prior statement to police that the defendant stole the purse. *Id.*

Here, the prosecutor crossed the line when he said: "And there has been no satisfactory explanation as to why or how he had this property, this stolen property. There's been no evidence at trial to explain satisfactorily why he had this other than he committed the burglary, other than he committed the dealing in stolen property. . . . As I said, there has been no evidence to—satisfactorily to explain why this Defendant had that stolen chipper, mulcher, unless if he just stole it."

The prosecutor did not directly reference Gleason's failure to testify, but his reference to a lack of evidence to *explain* Gleason's possession highlighted his failure to testify, and in doing so, shifted the burden to Gleason to prove his innocence. Although the state is permitted to have the jury instructed on the presumptions that arise when a defendant is found in possession of recently stolen property, it is not permitted to invite the jury to convict based on a defendant's failure to attempt to rebut the presumptions. The state's closing argument did not direct the jury to consider the evidence that was presented; instead, the comments directed the jury to consider Gleason's failure to present an explanation for his possession of the property. Additionally, Gleason was the only person who could provide the reasonable explanation to overcome the presumption.

We point out that the state, through the testimony of the victim's neighbor, presented evidence of an explanation offered by Gleason. If the prosecutor had focused his comments on whether that explanation was satisfactory, the comment would have been permissible. Instead, the prosecutor made comments that were fairly susceptible of being interpreted as comments on Gleason's silence. The Fifth Amendment prohibits that type of oratory.

The error was not harmless. This was a case built largely on circumstantial evidence. The neighbor was not certain in his

5

identification of Gleason, and there were discrepancies in the description of the man carrying the wood chipper away from the victim's house. On this record, it cannot be said beyond a reasonable doubt that the error had no effect on the verdict. *See DiGuilio*, 491 So. 2d at 1139.

*Reversed and remanded for new trial.*

CONNER and KLINGENSMITH, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***