DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SCOTT TREVOR MCROBERTS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2060

[February 16, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 502017CF009671A.

Carey Haughwout, Public Defender, Benjamin Eisenberg, Assistant Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, Jessica L. Underwood, Assistant Attorney General, and Allan R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Scott Trevor McRoberts challenges his conviction for traveling to meet a minor to commit an unlawful sex act, raising six issues on appeal. We agree with Appellant that the trial court erred in denying his motion in limine to exclude evidence and argument regarding his refusal to provide his cellphone PIN and his refusal to allow law enforcement to conduct a warrantless search of his entire cellphone. Thus, we reverse and remand for a new trial. We affirm the remaining issues without discussion.

**Background**

Appellant posted an ad on Craigslist under the casual encounters section stating he was thirty-four years old and "[l]ooking for a young girl who likes older discreet guys." On August 3, 2017, while posing as a thirteen-year-old girl, a Palm Beach County Sheriff's Office detective

responded to the ad, expressing her interest. Appellant replied that he was looking for someone he had "a good sexual connection with" and that he "connect[ed] with on a sexual level." Even though the detective represented to Appellant that she was only thirteen years old, Appellant continued having a text message conversation with her for the next two months.

Throughout this two-month exchange of messages, the detective portrayed herself as a thirteen-year-old girl while Appellant continuously tried to engage in sexual discussions and insistently asked for photographs of the girl. Eventually, the two agreed to meet in person at a restaurant on October 3, 2017. Appellant was arrested upon arrival at the restaurant.

Appellant waived his *Miranda*[1] rights and provided a recorded statement to the officers. He stated that he never had any intention to engage in sexual conduct with a minor. According to Appellant, he initially believed he was talking to a grown adult who was engaging in a sexual fantasy roleplay, but then later realized that this person may have actually been a minor. At that point, Appellant claims that he decided to meet her in person so that he could dissuade her from any sexual conduct.

While Appellant was providing his statement, the officers requested the PIN to his cellphone and asked for permission to conduct a warrantless search of his entire cellphone. Appellant refused both requests, claiming that his cellphone contained confidential information related to his work. However, Appellant agreed to unlock the cellphone for the limited purpose of allowing the officers to photograph his text-message conversation with the detective.

Ultimately, Appellant was arrested and charged with traveling to meet a minor to commit an unlawful sex act. Before trial, Appellant moved in limine to exclude any reference to his refusal to consent to a warrantless search of his entire cellphone and refusal to provide the cellphone PIN. The State opposed the motion, arguing the evidence and argument should be allowed because "[i]t indicates consciousness of guilt . . . that he's trying to hide information on his phone." The trial court denied the motion and the case proceeded to trial.

During its case-in-chief, the State called two of the officers to testify, and on direct examination, elicited testimony regarding Appellant's

---

[1] *Miranda v. Arizona,* 384 U.S. 436 (1966).

limiting the officers' search of his cellphone. The State also submitted and published to the jury Appellant's recorded statement, in its entirety, wherein Appellant could be heard on multiple occasions denying the officers unlimited access to his cellphone. During closing argument, the State explained to the jury that it could only have obtained additional evidence from the cellphone if Appellant allowed it to do so. The prosecutor challenged Appellant to provide his PIN number to the jury and declared "[Appellant] knows we did not get into his phone because of the passcode and so now he can craft a defense where he's the victim . . . ." Subsequently, the jury returned a verdict finding Appellant guilty as charged. The instant appeal followed.

## Analysis

On appeal, Appellant argues in part that the trial court erred when it allowed the State to publish to the jury the fact that Appellant refused to provide evidence against himself. The privilege against self-incrimination guarantees that no penalty will follow from remaining silent. *Malloy v. Hogan*, 378 U.S. 1, 8 (1964). Any comment which is "fairly susceptible" of being construed as a comment on a defendant's failure to testify "is error and is strongly discouraged." *State v. Marshall*, 476 So. 2d 150, 153 (Fla. 1985).

Under the Fourth Amendment of the United States Constitution, a defendant has a constitutional right to refuse a request for a warrantless search. *See* Amend. IV, U.S. Const. Additionally, under the Fifth Amendment of the United States Constitution, "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ." Amend. V, U.S. Const. This includes "being forced to produce a password [which] is testimonial and can violate the Fifth Amendment privilege against compelled self-incrimination." *G.A.Q.L. v. State*, 257 So. 3d 1058, 1061–62 (Fla. 4th DCA 2018).

It is impermissible for the State to present evidence or argument that references a defendant's invocation of either of these rights because such comments can prejudice the defendant by raising an inference of guilt. *Kearney v. State*, 846 So. 2d 618, 620 (Fla. 4th DCA 2003) ("This case illustrates another thing the government cannot do, and that is comment on the defendant's rights to remain silent and be free from unreasonable searches and seizures."); *Gomez v. State*, 572 So. 2d 952, 953 (Fla. 5th DCA 1990) ("Comment on a defendant's denial of permission to search . . . although not exactly the same thing as comment on a defendant's right to remain silent . . . constitutes constitutional error of the same

magnitude." (footnote omitted)); *see also Bravo v. State*, 65 So. 3d 621, 624 (Fla. 1st DCA 2011) ("[C]omments on a defendant's right to remain silent or, now, on a defendant's right to be free from unreasonable searches, 'are high risk errors because there is a substantial likelihood that meaningful comments will vitiate the right to a fair trial by influencing the jury verdict.'" (quoting *State v. DiGuilio*, 491 So. 2d 1129, 1136 (Fla. 1986))).

As in *Kearney*, here the State strongly suggested that Appellant impeded the government's investigation and prosecution. *Kearney*, 846 So. 2d at 620–21. For instance, in closing argument, the State engaged in a discussion as to why it did not forcibly obtain the evidence, during which it stated, "Believe me, [the officers] wanted to," but "the Fourth Amendment protects all of our personal and privacy rights and that's something we take very seriously." The implication, of course, is that Appellant's refusal to provide the evidence and the Constitution itself hampered the State's case.

Because the State has not demonstrated that this implication did not contribute to the jury's guilty verdict, we hold that the error was not harmless. *See Bravo*, 65 So. 3d at 624 ("[O]verwhelming evidence of guilt does not negate harmful error . . . .") (citation and internal quotation marks omitted)).

### Conclusion

The trial court erred in denying Appellant's motion in limine and allowing the State to present evidence and argument referencing Appellant's refusal to provide his cellphone PIN and his refusal to consent to a warrantless search of his entire cellphone. The State has not demonstrated beyond a reasonable doubt that the error did not contribute to the guilty verdict, thus it cannot be said that the error was harmless. Accordingly, Appellant's conviction for traveling to meet a minor to commit an unlawful sex act is reversed and the case is remanded for a new trial.

*Reversed and remanded for a new trial.*

GROSS and KUNTZ, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

4